[Crim. No. 13663. Third Dist. Mar. 12, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
GERALD RAY AUSTIN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, the introduction, the factual and procedural background, and part I are certified for publication; parts II and III are not to be published.

**548**

COUNSEL

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eddie T. Keller and Raymond L. Brosterhous, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CARR, J.**—Defendant Gerald Ray Austin appeals from a judgment sentencing him to prison for a total term of thirteen years and four months after his plea of guilty to one count of burglary in the first degree (Pen. Code, §§ 459, 460),[1] one count of robbery with the personal use of a firearm allegation (§§ 211, 12022.5), and a prior serious felony conviction for attempted exhibition of a firearm in the presence of a peace officer. (§§ 417, subd. (b); 664; 667.) Defendant contends (1) the offense of attempted exhibition of a firearm in the presence of a police officer is not a "serious felony" for enhancement purposes; (2) the prior conviction providing the basis for enhancement must have resulted from a "trial" rather than a plea; (3) enhancement under section 667 is not authorized by section 1170.1; (4) the court erred in imposing the upper term for the robbery conviction on the basis of multiple victims; and (5) the court erred in failing to give credit for presentence custody time. We find merit in the contention that attempted exhibition of a firearm is not a "serious felony" under section 667 and shall strike the five-year term imposed for this enhancement. In all other respects, we shall affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 1984, a complaint was filed charging defendant with eight counts of burglary in the second degree, one count of burglary in the first degree, and three counts of robbery with the personal use of a firearm. An additional allegation charged defendant with a prior "serious felony" conviction for attempted exhibition of a firearm in the presence of a peace officer. (§§ 417, subd. (b); 667.)[2] The robbery counts arose out of a single incident in which defendant and two companions robbed the employees of a restaurant in Chico. At the time of defendant's arrest on the present charges, he was in custody in the Nevada County jail following a judgment sentencing him to six years imprisonment for an unrelated robbery.

Defendant pleaded guilty to the first degree burglary charge, to one count of robbery with the use of a firearm and admitted the prior conviction. The

---

[1]All statutory references are to the Penal Code.

[2]Section 417, subdivision (b), provides: "Every person who, in the immediate presence of a peace officer, draws or exhibits any firearm, whether loaded or unloaded, in a rude, angry or threatening manner, and who knows or reasonably should know that the victim is a peace officer engaged in the performance of his or her duties, and such peace officer is engaged in the performance of his or her duties is guilty of a felony punishable by imprisonment in the county jail for a term of not less than six months and not to exceed one year, or in the state prison. [¶] As used in this section, 'peace officers' refers to any person designated as a peace officer by Section 830.1, Section 830.2, subdivision (a) of Section 830.3, or Section 830.5."

Section 664 prescribes the punishment for the attempted commission of any crime.

court sentenced defendant to the upper term of five years for the robbery conviction, citing as aggravating circumstances that the crime involved multiple victims and extensive planning and defendant had previously been committed to the California Youth Authority without success. (Cal. Rules of Court, rule 421(a)(4), (a)(8), (b).) The court added a two-year consecutive enhancement for the firearm use (§ 12022.5) and a five-year consecutive enhancement for the prior serious felony conviction (§ 667). The court sentenced defendant to 16 months for the burglary conviction, ordering it to run consecutively for the reason that the crimes were committed at different times and places. (Cal. Rules of Court, rule 425(a)(3).) The total term imposed was 13 years 4 months, to run concurrently with the sentence in the Nevada County conviction.

## Discussion

### I

■ Defendant contends the attempted exhibition of a firearm in the presence of a peace officer is not a "serious felony" invoking the five-year enhancement for prior convictions under section 667. We agree.

Section 667 provides generally that any person convicted of a "serious felony" who previously has been convicted of a "serious felony" shall receive an additional five-year consecutive sentence for each such prior conviction on charges brought and tried separately.[3] Subdivision (d) of section 667 defines "serious felony" as a serious felony listed in subdivision

---

[3] Section 667 reads in full: "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

"(b) This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply.

"(c) The Legislative [sic] may increase the length of the enhancement of sentence provided in this section by a statute passed by majority vote of each house thereof.

"(d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7.

"(e) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors."

(c) of section 1192.7.[4] Among the serious felonies listed in subdivision (c) is "[a]ny attempt to commit *a crime* listed in this subdivision other than an assault." (§ 1192.7, subd. (c)(25); italics added.)

The list of serious felonies does not include exhibition of a firearm in the presence of a peace officer and the attempted commission of such offense is not a serious felony under section 667.

The People contend defendant's prior conviction comes under subdivisions (c)(8) and (c)(23), which, respectively, encompass "any felony in which the defendant uses a firearm" or "[a]ny felony in which the defendant personally used a dangerous or deadly weapon." (§ 1192.7, subds. (c)(8), (c)(23).) However, subdivision (c)(25) refers only to attempts to commit "crimes" listed in that subdivision. There is no "crime" of "felony with use of a firearm" or "felony with personal use of a dangerous or deadly weapon," distinct from the underlying felony in which the weapon is used. Rather, when charged and proven in connection with the commission of a felony, "use of a firearm" and "use of a dangerous or deadly weapon" are enhancements for which a separate sentence distinct from the underlying felony is imposed. (§§ 12022, 12022.5.) The use enhancements do not exist separately as "crimes." That defendant attempted to exhibit a firearm in the presence of a peace officer, is a felony in itself. It is not a "felony in which the defendant uses a firearm" or "personally used a dangerous or deadly weapon" in which the weapon use is an additional element.

Accordingly, we conclude the attempted exhibition of a firearm in the presence of a peace officer, in violation of section 417, subdivision (b), is not a "serious felony" under sections 667 and 1192.7, subdivision (c). This conclusion comports with the tenor of the specific crimes listed in section

---

[4]Section 1192.7, subdivision (c) provides: "As used in this section 'serious felony' means any of the following: (1) Murder or voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, or threat of great bodily harm; (5) oral copulation by force, violence, duress, menace, or threat of great bodily harm; (6) lewd acts on a child under the age of 14 years; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant uses a firearm; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing great bodily injury; (17) exploding a destructive device or any explosive with intent to murder; (18) burglary of a residence; (19) robbery; (20) kidnapping; (21) taking of a hostage by an inmate of a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering or providing heroin, cocaine or phencyclidine (PCP) to a minor; (25) any attempt to commit a crime listed in this subdivision other than an assault."

1192.7. The exhibition of a firearm in the presence of a police officer is punishable by a maximum of one year in the county jail or in state prison, and in section 1192.7 the Legislature has selected only the most serious of all offenses for the five-year enhancement.

We shall order the five-year enhancement term stricken.[5]

### II*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The five-year consecutive term imposed for defendant's prior conviction is ordered stricken. In all other respects, the judgment is affirmed. The trial court is directed to prepare a new abstract of judgment in conformity with this opinion and to furnish a copy thereof to the Department of Corrections.

Puglia, P. J., and Sparks, J., concurred.

---

[5]Our conclusion makes it unnecessary to address defendant's other contentions with respect to the serious felony enhancement.

*See footnote, *ante,* page 547.