[No. B095332. Second Dist., Div. Two. July 3, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD E. LESLIE, Defendant and Appellant.

## COUNSEL

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Jaime L. Fuster and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**NOTT, J.**—The initial question this appeal presents is whether the grossly negligent discharge of a firearm (Pen. Code, § 246.3)[1] is a "serious felony" within the definition of Penal Code section 1192.7.[2] If it is not, then appellant Ronald E. Leslie cannot be sentenced under the "three strikes" law.

A second issue is whether, at the time of a guilty plea, the failure to obtain appellant's admission of a "serious felony" allegation, made pursuant to section 969f, precludes the prosecution from subsequently proving it.

### FACTS

Appellant was charged with commercial burglary after he and a confederate broke into a store and stole a variety of items. It was also alleged that due to a 1991 violation of section 246.3, he suffered a "strike" under the three strikes law. (§ 667, subds. (b)-(i).) In committing that prior offense, appellant, who has had more than his fair share of misdemeanor and

---

[1]Penal Code section 246.3 provides: "Except as otherwise authorized by law, any person who willfully discharges a firearm in a grossly negligent manner which could result in injury or death to a person is guilty of a public offense and shall be punished by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison."

[2]All further statutory references are to the Penal Code.

"non-serious" felony convictions, fired four .38-caliber bullets into the air at a family gathering.

After appellant's motion to set aside the strike was denied, he entered a plea of no contest and admitted the prior offense. He was sentenced to the low term of 16 months, which was doubled under section 667, subdivision (e)(1).

## CONTENTIONS ON APPEAL

After the trial court issued a certificate of probable cause, appellant brought this appeal. He contends (1) the grossly negligent discharge of a firearm is not a serious felony; (2) at the time of the guilty plea on the prior offense, appellant did not admit that he was guilty of a serious felony; and (3) the three strikes law does not apply to offenses which occurred before its enactment.

## DISCUSSION

### I.  *Section 246.3 Qualifies as a Strike*

■  Prior to 1988, a growing number of urban California residents engaged in the dangerous practice of discharging firearms into the air during festive occasions. Section 246.3 was enacted as a deterrent. (*People* v. *Alonzo* (1993) 13 Cal.App.4th 535, 539 [16 Cal.Rptr.2d 656].) That section is what is colloquially described as a "wobbler," in which the trial judge has the discretion to sentence either as a misdemeanor or a felony. (§ 17, subd. (b).)[3]

■  In order to qualify as a strike, the three strikes law requires that the prior offense be a serious felony as defined in section 1192.7, subdivision (c). (§ 667, subd. (d)(1).) Section 1192.7 does not specifically address the crime of the grossly negligent discharge of a firearm. However, section 1192.7, subdivision (c)(8) includes as a serious felony ". . . any felony in which the defendant personally uses a firearm."

Appellant makes the superficially attractive argument that the above quoted language means that the crime must be a felony standing by itself *without* the firearm use. He then reasons that since firearm use is an inherent element that makes the crime a felony, the grossly negligent discharge of a

---

[3]In the prior offense involved in this appeal, even though probation was initially granted, the actual sentence imposed was for confinement in state prison. Therefore, the prior offense constitutes a felony conviction, and appellant does not contend otherwise.

firearm does not qualify within section 1192.7, subdivision (c)(8). We disagree.

We hold that the reasoning expressed by our Supreme Court in *People* v. *Equarte* (1986) 42 Cal.3d 456 [229 Cal.Rptr. 116, 722 P.2d 890] is dispositive. In that case, the central issue involved the application of a five-year enhancement under section 667, subdivision (a). That section, like section 667, subdivision (d)(1) of the three strikes law, states that the prior offense must be a serious felony. The question before the Supreme Court in *Equarte* was whether assault with a deadly weapon is included as a serious felony within the definition of section 1192.7. The Supreme Court granted review to resolve the conflict in appellate court decisions that had previously decided the issue. (42 Cal.3d at pp. 460-461.)

Similar to the facts presently before us, the *Equarte* court was faced with the situation where the crime itself was not specifically enumerated as a serious felony within section 1192.7. However, subdivision (c)(23) of that section provides that a serious felony includes "any felony in which the defendant personally used a dangerous or deadly weapon." The defendant in *Equarte* made the same argument as appellant in the present case; to wit, that subdivision (c)(23) should not apply to any felony where the use of a dangerous or deadly weapon is an element of the crime. In rejecting that argument, the Supreme Court said that inasmuch as the Legislature had expressed its will that the commission of a felony involving the personal use of a dangerous or deadly weapon should be classified as "serious," then "it would be anomalous to exempt an offender simply because use of a dangerous weapon is an element of his underlying offense." (42 Cal.3d at p. 464.) We believe the same rationale should clearly apply where a defendant uses a firearm. After all, there can be no question that a firearm is indeed a deadly weapon. Further, if the personal use of a knife or a baseball bat constitutes a serious felony, it would be ludicrous to hold that the personal use of a firearm would not.

Appellant relies heavily on *People* v. *Austin* (1985) 165 Cal.App.3d 547 [211 Cal.Rptr. 509]. There, the defendant pled guilty to various robbery and burglary counts. At issue was whether the trial court could impose a five-year enhancement under section 667, subdivision (a) for the defendant's prior conviction of attempted exhibition of a firearm in the presence of a police officer. That crime is also a "wobbler." (§ 417, subd. (c).) The appellate court in *Austin* noted that section 1192.7, former subdivision (c)(25) included as a serious felony " 'any *attempt* to commit a crime listed in this subdivision other than an assault.' " (165 Cal.App.3d at p. 551, original italics deleted and new italics added.) The court held that since the

exhibition of a firearm in the presence of a police officer was not specifically enumerated as a crime, the attempt to commit such a crime could not be a serious felony. (*Ibid.*)

*Austin* is of no aid to appellant. At best, its reasoning falls into the category of cases disapproved by *Equarte*. (Cf. *People* v. *Bradford* (1984) 160 Cal.App.3d 532 [206 Cal.Rptr. 899]; and *People* v. *Sutton* (1985) 163 Cal.App.3d 438 [209 Cal.Rptr. 536].) Further, the prior offense involved in the present appeal was not an attempt.

We conclude that under the pronouncement of our Supreme Court in *Equarte*, the grossly negligent discharge of a firearm constitutes a serious felony under section 1192.7, subdivision (c)(8).

## II. *The Impact of Appellant's Failure to Admit or Deny That the Prior Offense Was a Serious Felony*

### A. *The Plea on the Prior Offense*

The prior offense occurred on August 18, 1991. As a result of a negotiated plea bargain, appellant entered a plea of guilty. Under the terms of the plea bargain, appellant was placed on three years of probation on the condition that he serve ninety days in Los Angeles County jail, along with other standard terms of probation.[4] While the record does not disclose whether the trial court expressly stated it was suspending imposition of sentence, that was the obvious impact, since it was explained to appellant that if he violated probation, he could be sent to state prison for up to three years.

Although there was a special allegation in the complaint that the offense constituted a serious felony within the meaning of section 1192.7, no one asked appellant if he admitted or denied that the offense fell within that section, and the trial court made no finding in that regard. Further, appellant was not asked whether or not he personally used a firearm.

After being released from custody, appellant was arrested for a misdemeanor. Probation was revoked on the prior offense, the misdemeanor was dismissed, and appellant was sent to state prison.

### B. *Appellant's Contention*

At the time of the plea of guilty to the prior offense, appellant did not admit that it was a serious felony under section 1192.7. He asserts that

---

[4]The record shows that appellant was given 180 days in the Los Angeles County jail.

the trial court erred in making such a finding in the instant matter. Appellant's argument is based on the noncompliance with the terms of section 969f.

Section 969f became law on January 1, 1991, before appellant's commission of the prior offense. That section provides, in pertinent part: "(a) Whenever a defendant has committed a serious felony as defined in subdivision (c) of Section 1192.7, the facts that make the crime constitute a serious felony *may* be charged in the accusatory pleading. . . . If the defendant pleads guilty of the offense charged, the question of whether or not the defendant committed a serious felony as alleged shall be separately admitted or denied by the defendant." (Italics added.)

■ Our review of the legislative history of section 969f shows that it was enacted in order to prequalify a crime as a serious felony in the event of a defendant's future conviction of another serious felony. (Assem. Bill No. 897 (1991-1992 Reg. Sess.).) Its stated purpose was "to avoid requiring a prosecutor to reprove [*sic*] a previous conviction when it is alleged that a defendant has a prior serious felony conviction." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 897 (1991-1992 Reg. Sess.).) Further, section 969f "would allow the fact that a crime is a serious felony to be proven at the time the first crime is tried so that it may become a matter of record." (*Ibid.*)

■ The question squarely before us is what happens in the situation where the prosecution makes a "serious felony" allegation that is not dealt with when a plea of guilt (or no contest) is entered?

Appellant claims that since the allegation was made but no admission was taken, and the trial court made no finding, the serious felony allegation was in essence dismissed. We agree. What we do not agree with is appellant's assertion that the prosecution is then precluded from later raising the issue upon appellant's subsequent felony conviction.

By the plain language of section 969f, the decision whether or not to file a serious felony allegation is *discretionary* with the district attorney. Once the district attorney elects to do so, it becomes *mandatory* for (a) the trier of fact to make a finding on the allegation (if the defendant pleads not guilty) or (b) the defendant to admit or deny the allegation (if he or she pleads guilty). We do not find any language within the statute or the legislative history we have reviewed that would indicate any expression of intent by the Legislature that the failure to secure an admission to the serious felony allegation would preclude the People from forever raising the issue. Considering the purpose of the statute in a logical manner, there would be no reason

to do so. As stated above, section 969f was introduced as a measure to aid the prosecution in not having to go through the time and expense to prove that a prior conviction was a serious felony. It is therefore a measure enacted solely for the benefit of the prosecution. If the court or counsel choose (or forget) to comply with section 969f, then in a subsequent case, the district attorney, instead of having a "slam-dunk" admission by the defendant that the prior case was a serious felony, will be saddled with the burden of proving the same.

The failure of the court and counsel to adhere to section 969f in the case before us would only prejudice appellant if the dismissal of the serious felony allegation was part of the plea bargain. Appellant does not make that contention nor does the record disclose such an agreement. Accordingly, appellant was not prejudiced by the failure to comply with section 969f. He is in precisely the same position that he would have been prior to the enactment of section 969f, which means that the district attorney was properly allowed during the proceedings of the current offense to prove that the prior offense was a serious felony. (*People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150]; *People* v. *Ybarra* (1988) 206 Cal.App.3d 546, 549-550 [253 Cal.Rptr. 644].) As we stated in *People* v. *Green* (1995) 36 Cal.App.4th 280 at page 283 [42 Cal.Rptr.2d 249], under the three strikes law, the trial court hearing the new case must "look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense under section 1192.7, subdivision (c) or section 667.5, subdivision (c)." That was done in the present situation. At the time of the no contest plea on the current offense, appellant admitted committing the prior offense and specifically admitted that he personally used a firearm. Therefore, the trial court properly found that the prior offense was a serious felony.

### III. *The Three Strikes Law Applies to Prior Offenses Which Predate Its Enactment*

Section 667, subdivision (d)(1) provides in pertinent part: "The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction. . . ." Appellant argues that a literal interpretation of that language means that the statute does not apply to convictions which occurred before the enactment of the three strikes legislation. In the alternative, appellant asserts that section 667, subdivision (d)(1) is ambiguous, and any ambiguities should be resolved in his favor.

We rejected those identical arguments in *People* v. *Green*, *supra*, 36 Cal.App.4th 280, as have all of the other appellate courts which have

published opinions on the issue. (See, e.g., *People* v. *Anderson* (1995) 35 Cal.App.4th 587 [41 Cal.Rptr.2d 474]; *People* v. *Reed* (1995) 33 Cal.App.4th 1608 [40 Cal.Rptr.2d 47]; *People* v. *Sipe* (1995) 36 Cal.App.4th 468 [42 Cal.Rptr.2d 266].) For the reasons expressed in *Green*, we see no basis to change our position.

## DISPOSITION

The judgment is affirmed.

Boren, P. J., and Zebrowski, J., concurred.

Appellant's petition for review by the Supreme Court was denied October, 16, 1996.