Filed 7/29/14  P. v. Winchel CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075400 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F07082) |
| v. | |
| THOMAS LAING WINCHEL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Thomas Laing Winchel has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no errors, we affirm the judgment.

BACKGROUND

Defendant was charged with criminal threats against three individual victims (Pen. Code, § 422 -- counts one, three & five)[1] and with assaulting two of those victims with a

---

[1]    Undesignated statutory references are to the Penal Code.

1

deadly weapon (§ 245, subd. (a)(1) -- counts two & four).  It was also alleged defendant personally used a knife against one victim and a spear against the other two victims in the commission of these crimes making the charged offenses serious felonies pursuant to section 1192.7, subdivision (c)(23), and that he was ineligible for a county jail sentence due to a prior serious or violent felony conviction.

Defendant pleaded no contest to assaulting an individual with means of force likely to cause great bodily injury (§ 245, subd. (a)(4) -- count two), a nonstrike, in exchange for a promise of no state prison time at the outset, probation including 365 days in county jail, and a dismissal of all other charges.  The factual basis to substantiate the plea was that on or about November 1, 2013, defendant pointed a knife at one Stewart Wright and attempted to stab him with it.  The record is silent with regard to the serious felony allegations.  The trial court suspended imposition of sentencing and granted probation for a term of five years subject to certain terms and conditions including one year in county jail.  The court also imposed various fines, fees, and assessments, and ordered defendant to pay victim restitution.

Defendant appealed; his request for a certificate of probable cause was denied.

DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra,* 25 Cal.3d 436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We note that the parties' agreement that the disposition would be a nonstrike is of no consequence if the facts pleaded and proved establish that the offense was a serious felony.  Here, defendant pleaded no contest to assault with means of force likely to cause

2

great bodily injury and the factual basis for the plea does not demonstrate that defendant personally inflicted great bodily injury; if the inquiry ended there, this offense would plainly be a nonstrike. (§§ 667, subd. (d), 667.5, subd. (c)(8), 1192.7, subd. (c)(8).) However, it was also alleged and the factual basis indicates that defendant personally used a deadly weapon -- a knife -- which would render this offense a serious felony. (§ 1192.7, subd. (c)(23); *People v. Equarte* (1986) 42 Cal.3d 456, 465; see also *People v. Herd* (1963) 220 Cal.App.2d 847, 850 [knife may be a deadly weapon].) Nonetheless, because defendant did not admit the serious felony allegations and the trial court made no findings as to those allegations, they were essentially dismissed for purposes of the instant conviction. (*People v. Leslie* (1996) 47 Cal.App.4th 198, 204.) Therefore, we find no error in the judgment and sentencing of this offense as a nonstrike.

But, the allegations and factual basis supporting them may be considered in any subsequent felony conviction to establish that this offense was a serious felony. (*People v. Leslie*, *supra*, 47 Cal.App.4th at pp. 204-205.) To the extent the promise that this conviction would be a nonstrike can be interpreted as having bearing in future felony proceedings, the promise is illusory and could be considered an improper inducement thereby voiding defendant's plea. (See *People v. Hollins* (1993) 15 Cal.App.4th 567, 575 [illusory promise may void plea].) However, we are precluded from addressing any error relating to the validity of defendant's plea because he failed to obtain a certificate of probable cause. (§ 1237.5; see also *People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

DISPOSITION

The judgment is affirmed.

NICHOLSON , J.

We concur:

BLEASE , Acting P. J.

MAURO , J.

3