Filed 7/6/15  P. v. Walsh CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B260631 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA082539) |
| v. | |
| DEAN WALSH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior court of Los Angeles County.  Tomson T. Ong, Judge.  Affirmed.

Dean Walsh, in pro. per.; James A. Uyeda, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On five occasions from 1986 to 2004, Dean Walsh was convicted of nine theft-related charges—including grand theft, petty theft, robbery, and, on three separate occasions, residential burglary—and one count of failure to stop a vehicle at the scene of an accident. (Pen. Code, §§ 211, 459, 487, 666; Veh. Code, § 20001.)[1]

On August 18, 2009, the Los Angeles County District Attorney filed yet another residential burglary charge, as follows: "On or about July 4, 2009, in the County of Los Angeles, the crime of FIRST DEGREE RESIDENTIAL BURGLARY, in violation of PENAL CODE SECTION 459, a Felony, was committed by DEAN GEORGE WALSH, who did enter an inhabited dwelling house and trailer coach and inhabited portion of a building occupied by [the named victim], with the intent to commit larceny and any felony. [¶] NOTICE: The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

Walsh pleaded not guilty but a jury convicted him on October 26, 2009, the verdict form stating "We, the Jury in the above-entitled action, find the defendant, DEAN GEORGE WALSH, Guilty of RESIDENTIAL BURGLARY, on or about July 4, 2009, in violation of Penal Code Section 459, a felony, as charged in Count 1 of the Information. [¶] We[] find the crime of RESIDENTIAL BURGLARY to be in the FIRST degree."

Walsh was sentenced under the "Three Strikes" law to 25 years to life in prison, plus enhancements for prior convictions and prison terms. (§§ 667, subds. (a)(1) & (e)(2)(A)(ii), 667.5, subd. (b).) We affirmed the conviction on appeal. (*People v. Walsh*, Oct. 30, 2012, B227016 [nonpub. opn.].)

On October 28, 2014, Walsh filed, in propria persona, a petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36. (§ 1170.126; the Act.) Under the Act, an inmate serving a Three Strikes sentence is eligible for resentencing if his latest conviction was not for a felony defined as serious by subdivision (c) of section 1192.7. (§ 1170.126, subd. (e)(1).) Although first degree burglary *is* defined as serious by that subdivision, Walsh argued his current offense

---

[1] Further statutory references will be to the Penal Code.

nevertheless was not a serious felony because the jury did not rule on the separate allegation that "The above offense is a serious felony." Therefore, Walsh argued, the serious felony allegation was essentially dismissed.

The trial court disagreed and denied the petition, and this appeal followed.

We appointed counsel to represent Walsh on appeal, but after examination of the record counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On May 19, 2015, we advised Walsh that he had 30 days to submit any contentions or issues he wished us to consider. We also directed his appointed counsel to send the record and opening brief to him immediately.

Walsh filed a supplemental brief that same day. In it, he repeats the argument he made below and requests that a new appellate attorney be appointed. Walsh notes that although the information in this case stated, "NOTICE: The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)," the jury made no separate finding that the offense was in fact serious. He relies on section 969f and *People v. Leslie* (1996) 47 Cal.App.4th 198 and *People v. Bueno* (2006) 143 Cal.App.4th 1503 for the proposition that a separate allegation that an offense constitutes a serious felony must be separately proved. If it is not, it will be considered dismissed and the underlying conviction will be deemed "non-serious." That being the case here, Walsh argues, it follows that his most recent conviction was non-serious, and relief under the Act is therefore available.

The argument is without merit.

Section 969f provides in pertinent part that "[w]henever a defendant has committed a serious felony as defined in subdivision (c) of Section 1192.7, the facts that make the crime constitute a serious felony may be charged in the accusatory pleading. . . . If the defendant pleads not guilty to the offense charged in any count which alleges that the defendant committed a serious felony, the question whether or not the defendant committed a serious felony as alleged shall be tried by the court or jury which tries the issue upon the plea of not guilty."

3

In *People v. Leslie*, the defendant was charged with grossly negligent discharge of a firearm (§ 246.3), and there was a separate allegation that the offense constituted a serious felony within the meaning of section 1192.7. (*People v. Leslie*, *supra*, 47 Cal.App.4th at p. 200.) Grossly negligent discharge of a firearm is not defined by section 1192.7 as a serious felony. However, section 1192.7, subdivision (c)(8) does define as serious ". . . any felony in which the defendant personally uses a firearm."[2] Therefore, for grossly negligent discharge of a firearm to constitute a serious felony, a defendant must have *personally* used a firearm.

But on the record in *People v. Leslie* it was unclear whether the defendant had been convicted based on his personal use of a firearm or instead on some vicarious theory such as aiding and abetting. Although he pleaded guilty to the offense charged, "no one asked [him] if he admitted or denied that the offense fell within [section 1192.7], and the trial court made no finding in that regard. Further, appellant was not asked whether or not he personally used a firearm." (*People v. Leslie*, *supra*, 47 Cal.App.4th at p. 203.) The court held that because "the allegation was made but no admission was taken, and the trial court made no finding, the serious felony allegation was in essence dismissed." (*Id*. at p. 204.)

*People v. Bueno* is to the same effect. There, the defendant previously had been charged with battery with serious bodily injury (§ 243, subd. (d)), with the following separate allegation: "NOTICE: The above offense is a serious felony within the meaning of Penal Code section 1192.7 (c) (8)." Battery with serious bodily injury is not one of the crimes defined in section 1192.7 as a serious felony, but subdivision (c)(8) does define as serious "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice." Therefore, for battery with serious bodily injury to

---

[2] Subdivision (c)(8) of section 1192.7 defines as "serious," "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm."

constitute a serious felony, a defendant must have *personally* inflicted the injury—rather than aided and abetted another in inflicting it—on a victim who was not an accomplice.

Although the defendant pleaded no contest to the alleged violation of section 243, he made no admission that the offense was a serious felony, and no facts were adduced to prove these necessary additional elements. (*People v. Bueno*, *supra*, 143 Cal.App.4th at pp. 1507-1508.) Therefore, the court held, "there is no evidence that Bueno admitted the serious felony allegation in the information. Absent such evidence, we must treat the allegation as dismissed." (*Id*. at p. 1510.)

Neither *People v. Leslie* nor *People v. Bueno* assists Walsh. Although those cases are similar to the instant case in that their charging informations, like here, contained separate allegations that the offenses constituted serious felonies as defined in section 1192.7, they are distinguishable in that there, the separate allegation was necessary, whereas here it was not. Grossly negligent discharge of a firearm may or may not be a serious felony depending on whether the defendant personally used the firearm. Similarly, battery with serious bodily injury may or may not be a serious felony depending on whether the defendant personally inflicted the injury on a non-accomplice. Those necessary additional elements were unalleged and unproven in *People v. Leslie* and *People v. Bueno*. Here, in contrast, the crime charged, first degree burglary is always a serious felony. (§ 1192.7, subd. (c)(18).) The information expressly charged Walsh with, and the jury expressly found him guilty of, all elements necessary to establish a serious felony was committed. The additional allegation was unnecessary—there is no way to commit non-serious first degree burglary. The jury's failure to separately address the allegation was therefore immaterial.

Because Walsh was convicted of a serious felony, relief under the Act is unavailable to him.

We have otherwise examined the entire record and are satisfied that Walsh's counsel complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

5

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

                                                    CHANEY, J.


We concur:


        ROTHSCHILD, P. J.


        JOHNSON, J.