Filed 2/29/16  P. v. Hoare CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT HOARE,<br><br>    Defendant and Appellant. | B264630<br><br>(Los Angeles County<br>Super. Ct. No. BA189148) |

APPEAL from an order of the Superior Court of Los Angeles County, Craig Richman, Judge.  Affirmed.

Robert Hoare, in pro. per.; Caneel C. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Robert Hoare (Hoare) appeals from an order denying his "Motion for Recall of Sentence Under Prop. 47" (the Motion). We affirm.

## BACKGROUND

On March 23, 2000, Hoare was convicted of three counts of second degree robbery (Pen. Code, § 211[1]) and attendant firearm allegations (§ 12022.53, subd. (a)(4)). On July 12, 2000, after hearing testimony from Hoare, various family members, and church-related friends, the trial court sentenced Hoare to 35 years and eight months in state prison (the 2000 conviction). The trial court explained its decision by noting that the robberies "showed a high degree of callousness"—one victim had "her young infant child with her" and another victim had her "two young children with her"—and that Hoare's criminal behavior is of an "increasing degree of seriousness." The length of Hoare's sentence was due, in part, to the application of sections 1170.12, subdivision (c)(7) and 667, subdivision (b) for a prior serious felony conviction in 1993 for discharging a firearm in a "grossly negligent manner" (§ 246.3) (the 1993 conviction).[2] For the 1993 conviction, Hoare was sentenced to a two-year term of probation and time served.

On April 20, 2015, Hoare, acting in pro. per., filed the Motion, seeking to have the 1993 conviction reduced from a felony to a misdemeanor under Proposition 47's resentencing procedure (§ 1170.18, subds. (a)-(b)). On May 1, 2015, the trial court denied Hoare's motion, finding that the 2000 conviction was not eligible for relief under Proposition 47.

On May 26, 2015, Hoare filed a timely notice of appeal. On August 25, 2015, we appointed counsel to represent him. On December 10, 2015, after examining the record, Hoare's appointed counsel filed an opening brief raising no issues and asking this court to

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] At the sentencing hearing for the 2000 conviction, Hoare moved to strike the 1993 conviction. The trial court denied the motion.

independently review the record. On December 11, 2015, we advised Hoare that he had 30 days in which to submit any contentions or issues that he wished us to consider.

On January 13, 2016, after securing an extension of time, Hoare timely filed a supplemental brief, arguing in the main two principal points. First, Hoare argued that the trial court misread the Motion, incorrectly construing it as a request to convert the 2000 conviction to a misdemeanor, when in fact he was asking the court to convert his 1993 conviction to a misdemeanor.[3] Second, and in the alternative, Hoare argued that if he was not eligible for relief under Proposition 47, he was eligible for relief under Proposition 36.

We have examined the entire record and we are satisfied that Hoare's counsel has fully complied with her responsibilities and, as discussed below, that no arguable issues exist. (*People v. Kelly*, *supra*, 40 Cal.4th at pp. 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISCUSSION

### I. Hoare is not eligible for relief under Proposition 47

On November 4, 2014, California voters enacted Proposition 47, "The Safe Neighborhoods and Schools Act." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47's goal was to "'ensure that prison spending is focused on violent

---

[3] On a more substantive note, Hoare also argues that the 1993 conviction was improperly converted to a felony when he failed to pay a $350 fine. As a preliminary matter, Hoare's assertions concerning certain purported facts about the 1993 conviction were "not part of the appellate record and hence cannot be reviewed on the record before us." (*People v. Kelly* (2006) 40 Cal.4th 106, 126.) Even if Hoare had raised his claims about the 1993 conviction in the proceedings below, those claims are not supported by the record on appeal. As to the 1993 conviction, the appellate record before us indicates that the offense had always been charged as a felony, not a misdemeanor, because Hoare personally "fir[ed] a loaded weapon in a park where children were playing and where sporting events were going on." (See *People v. Golde* (2008) 163 Cal.App.4th 101, 111–112 [section 246.3 qualifies as a serious felony if the defendant personally used the firearm].) Moreover, the record below further indicates that Hoare's failure to pay the fine did not convert the charge into a felony, but merely cost him the opportunity to have the 1993 conviction expunged.

and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K–12 schools, victim services, and mental health and drug treatment.'" (*Harris v. Superior Court* (2015) 242 Cal.App.4th 244, 248.)  To that end, certain drug and theft-related offenses that previously were felonies or "wobblers" (offenses that could be felonies or misdemeanors) were re-classified as misdemeanors unless they were committed by certain ineligible defendants.[4]  (*Rivera*, *supra*, 233 Cal.App.4th at p. 1091.)

Here, although grossly negligent discharge of a firearm is considered to be a wobbler offense (*People v. Leslie* (1996) 47 Cal.App.4th 198, 201), it is not an offense that falls within the drug/theft purview of Proposition 47.  Because neither robbery nor grossly negligent discharge of a firearm are among the offenses subject to Proposition 47 relief, the Motion was properly denied.

## II.     Hoare is not eligible for relief under Proposition 36

On November 6, 2012, California voters approved Proposition 36.  (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1285.)  Proposition 36 was designed to ameliorate certain aspects of the three strikes law (§§ 667, subds. (b)-(i), 1170.12).  Under Proposition 36, a defendant convicted of two prior serious or violent felonies is subject to the 25-year-to-life sentence "only if the third felony is *itself* a serious or violent felony.  If the third felony is not a serious or violent felony, the defendant will receive a sentence as though the defendant had only one prior serious or violent felony conviction, and is therefore a second strike, rather than a third strike, offender.  [Proposition 36] also provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain

----

[4] Specifically, "Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Contreras* (2015) 237 Cal.App.4th 868, 890.)

4

circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction. According to the specific language of [Proposition 36], however, a current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety." (*Id*. at pp. 1285–1286, fn. omitted.)

Here, Hoare's Proposition 36 argument suffers from a number of problems. First, he never raised his Proposition 36 argument in the trial court. It is well established that a party may not raise new issues on appeal that were not presented to the trial court.[5] (*Estate of Westerman* (1968) 68 Cal.2d 267, 279; *Sea & Sage Audubon Society, Inc. v. Planning Com*. (1983) 34 Cal.3d 412, 417; *Transcontinental Ins. Co. v. Ins. Co. of the State of Pennsylvania* (2007) 148 Cal.App.4th 1296, 1309.) Accordingly, Hoare is barred from raising this issue for the first time on appeal.

Second, assuming arguendo that Hoare had raised his Proposition 36 argument in the trial court or that it involves a pure question of law concerning an important issue of public policy, Hoare's argument is unpersuasive. Hoare's sentence for his 2000 conviction was not indeterminate; it was instead for a fixed and definite term (35 years and eight months). In addition, even if his sentence were indeterminate, his "third strike" was not only a serious crime (armed robbery), but the most serious crime in his criminal history—that is, Hoare's criminal trajectory was the exact opposite of the one that Proposition 36 petitioners need to have. In fact, at sentencing, the trial court expressed particular consternation with the direction of Hoare's criminal path, noting, among other things, his new found willingness to use firearms to commit crimes even when doing so placed young children in harm's way.

---

[5] A party may, however, raise a new issue on appeal if that issue is purely a question of law on undisputed facts. (*People v. Runyan* (2012) 54 Cal.4th 849, 859, fn. 3; *Phillips v. TLC Plumbing, Inc*. (2009) 172 Cal.App.4th 1133, 1141.) This forgiving approach has been most frequently invoked when "important issues of public policy are at issue." (*Hale v. Morgan* (1978) 22 Cal.3d 388, 394.) That is not the case here, as Hoare's eligibility for Proposition 36 is neither a pure question of law nor an important issue of public policy.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


CHANEY, J.