Filed 8/24/23  P. v. Daniel CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMAL MITCHELL DANIEL,<br><br>Defendant and Appellant. | 2d Crim. No. B321320<br>(Super. Ct. No. 20F-03927)<br>(San Luis Obispo County) |

Jamal Mitchell Daniel appeals the judgment and three-year prison sentence imposed after he admitted violating probation.  Appellant contends the sentencing court erred in finding that his conviction of battery with serious bodily injury (Pen. Code,[1] § 243, subd. (d)) is a serious felony that qualifies as a strike (§§ 667, (d)(1), 1192.7, subd. (c)(8)).  We shall order the abstract of judgment modified to reflect that appellant's battery conviction is a serious felony.  Otherwise, we affirm.

---

[1] All statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL HISTORY

In June 2020, appellant was charged in a five-count information with battery with serious bodily injury (count 2) and other crimes. The battery charge stated: "On or about June 24, 2020, in the County of San Luis Obispo, State of California, the crime of Battery With Serious Bodily Injury in violation of PC243(d), a Felony, was committed in that JAMAL MITCHELL DANIEL did willfully and unlawfully use force or violence upon the person of Darwin William Buss, resulting in the infliction of serious bodily injury on such person. [¶] NOTICE: The above offense is a serious felony within the meaning of Penal Code Section 1192.7(c)(8)."[2]

In August 2020, appellant pleaded no contest to count 2 in exchange for the dismissal of the remaining counts. The parties stipulated to a factual basis for appellant's plea based on the information and the preliminary hearing transcript. During the plea colloquy, the court advised appellant "[y]our plea to Count 2 also constitutes a strike offense under California['s] Three Strikes Law. If you were to commit any future felony, it could be used to increase any future punishment; you understand that?" Appellant replied "[y]es, ma'am." In exchange for appellant's plea imposition of sentence was suspended, he was placed on three years of probation with various terms and conditions, and the four remaining counts were dismissed.

---

[2] As relevant here, subdivision (c)(8) of section 1192.7 provides that a serious felony includes "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice." Serious felonies qualify as strike offenses for sentence enhancement purposes under the three strikes law. (§ 667, subd. (d)(1).)

Appellant subsequently violated his probation. Prior to admitting the violation, he urged the court to find that his battery conviction did not qualify as a strike as provided in *People v. Bueno* (2006) 143 Cal.App.4th 1503 (*Bueno*), because in pleading to the offense he did not expressly admit that he personally inflicted great bodily injury on the victim as provided in section 969f. The trial court judge, who had not taken appellant's plea, concluded that *Bueno* was inapposite because appellant had admitted during his plea colloquy that he was pleading to a strike offense. Accordingly, the court found that appellant had been convicted of a serious felony that qualified as a strike.

After appellant admitted the probation violation, the court terminated probation and sentenced him to three years in state prison (§ 1170, subd. (h)(2) &(3)). Appellant was also awarded 1,101 days of custody credit, such that his prison sentence was deemed served, and was ordered to report to parole within 24 hours of his release. The court told appellant, "You are going to be on parole for probably three years."

## DISCUSSION

Appellant contends the evidence is insufficient to support the sentencing court's finding that his conviction of battery with serious bodily injury is a serious felony that qualifies as a strike. We disagree.[3]

---

[3] We reject the People's contention that appellant's claim is moot because his custody credits were in excess of his three-year prison sentence. If the court had not found that appellant's battery conviction was a serious felony that qualified as a strike, it would have been required to sentence him to county jail rather than state prison. (§§ 243, subd. (d), 1170, subd. (h)(2) & (3).)

In adjudicating claims of insufficient evidence, we review the record in the light most favorable to the judgment to determine whether it is supported by substantial evidence. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1067 (*Delgado*).) "In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt." (*Ibid.*)

As we have noted, the information alleged that appellant had committed a battery with great bodily injury and that the offense was a serious felony as provided in section 1192.7, subdivision (c)(8), i.e., that he had personally inflicted great bodily injury on the victim in committing the offense. The transcript of appellant's plea hearing indicates that he pleaded no contest to the battery charge, that he acknowledged he was pleading to a strike within the meaning of the three strikes law, and that in exchange for that admission other charges against him were being dismissed. Appellant also expressed his understanding that his current strike offense "could be used to increase any future punishment." Based on this evidence, the court found appellant's battery offense was a serious felony that qualified as a strike.

And if appellant had been sentenced to county jail, he would not currently be subject to parole supervision. (See *People v. Butler* (2016) 243 Cal.App.4th 1346, 1351, and cases cited therein].) Because the court's finding that the conviction is a serious felony will plainly subject him to additional punishment if he suffers another felony conviction in the future (§ 667, subds. (a)-(i)), we also reject the People's assertion that "[a]ppellant's argument as to any future effects of his serious felony conviction is not ripe for review."

Appellant claims the evidence is insufficient to support the court's findings because battery with serious bodily injury qualifies as a serious felony and strike only if the prosecution additionally proves the defendant personally inflicted great bodily injury on a person other than an accomplice. (§ 1192.7, subd. (c)(8); *Bueno*, *supra*, 143 Cal.App.4th at p. 1507.) We reject this claim because appellant admitted in his plea colloquy that he was pleading to a strike offense, i.e. a serious or violent felony. "Under section 969f, subdivision (a), when the People believe that the defendant's offense is a serious felony, 'the facts that make the crime constitute a serious felony may be charged in the accusatory pleading' and '[i]f the defendant pleads guilty of the offense charged, the question whether or not the defendant committed a serious felony as alleged *shall be separately admitted or denied by the defendant*.' (Italics added.) The section was enacted in order to 'prequalify a crime as a serious felony' for purposes of the three strikes law. [Citation.] The section allows "'the fact that a crime is a serious felony to be proven at the time the first crime is tried so that it may become a matter of record.'" [Citations.] Where the prosecution includes a serious felony allegation and the defendant pleads guilty or no contest, section 969f, subdivision (a), *requires* the defendant to admit or deny the allegation. [Citation.]" (*Bueno*, *supra*, 143 Cal.App.4th at p. 1509.)

In *Bueno*, the defendant previously had been charged with battery with serious bodily injury (§ 243, subd. (d)) with the following separate allegation: "'NOTICE: The above offense is a serious felony within the meaning of . . . section 1192.7(c)(8).'" The defendant entered a plea of no contest to the battery charge, but did not admit the crime was a serious felony and no other evidence was offered to prove it was. (*Bueno*, *supra*, 143

Cal.App.4th at pp. 1507-1508.)  The trial court nevertheless found true an allegation that the prior offense was a serious felony upon considering the information, the plea form and the minute order reflecting the plea.  (*Id.* at pp. 1506-1507.)  Notably, "The plea form and minute order [did] not reflect any advisement that defendant could face enhanced punishment in the future under the three strikes law."  (*Id*, at p. 1508.)

On appeal, the People contended "that in pleading no contest to the battery charge, Bueno admitted the offense was a serious felony because the information alleged that it was a serious felony within the meaning of section 1192.7, subdivision (c)(8)."  (*Bueno, supra*, 143 Cal.App.4th at p. 1509.)  In reversing, the court of appeal reasoned "[t]here is no evidence in this record of compliance with section 969f, subdivision (a); that is, there is no evidence that Bueno admitted the serious felony allegation in the information.  Absent such evidence, we must treat the allegation as dismissed."  (*Bueno*, at p. 1510.)

Appellant, unlike the defendant in *Bueno*, admitted that his battery conviction was a strike and was advised of the consequences of entering a plea to a strike.  The purpose of a section 969f admission is to qualify a crime as a serious felony. (*People v. Leslie* (1996) 47 Cal.App.4th 198, 204.)  A defendant who makes a section 969f admission as part of a plea to an offense concedes the offense is a serious felony, and "the serious felony nature of the offense will become an explicit part of the record of conviction, leaving no room for confusion if and when the issue becomes relevant to the sentence for a subsequent felony."  (*Delgado, supra*, 43 Cal.4th at p. 1072.)

Appellant contends the requirements of section 969f were not met here because his plea did not refer to the underlying legal basis for the crime being charged as a serious felony, and he

6

did not admit the conviction would be considered a serious felony as well as a strike. While the plea does not reference the underlying conduct, the prosecution presented evidence appellant made an admission that the conviction was to be considered a strike. Requiring the prosecution to produce evidence of the underlying basis of the conviction despite appellant's strike admission would contravene the purpose of section 969f, which is to allow a serious felony allegation to be proven based solely on such an admission. By entering a plea that the conviction would serve as a strike, it was reasonable for the court to infer the basis for which the conviction was a strike was that it was a serious felony and subject to a proper section 969f admission. Viewing the evidence of the conviction in the light most favorable to the prosecution, a rational trier of fact could infer from defendant's plea that he committed a serious felony and that section 969f served to qualify the crime as such. (*People v. Leslie, supra,* 47 Cal.App.4th at p. 204.)[4]

Our Supreme Court has cautioned that when a defendant is convicted of a crime that may or may not qualify as a serious felony, "it is necessary that the abstract of judgment specify, with scrupulous accuracy, the crime of which the defendant was

---

[4] We note that the court's comments at sentencing and the parties' briefs on appeal reflect a mistaken belief that the prosecution could have complied with section 969f by adding a personal infliction of great bodily injury allegation (§ 12022.7) to the battery charge. "Because the 'great bodily injury' contemplated by section 12022.7 is substantially the same as the 'serious bodily injury' element of section 243, subdivision (d) [citation], the section 12022.7 enhancement cannot be applied to the crime of battery with serious bodily injury unless it involves domestic violence." (*People v. Hawkins* (2003) 108 Cal.App.4th 527, 531.) There was no allegation of domestic violence here.

actually charged and convicted." (*Delgado*, *supra*, 43 Cal.4th at p. 1072.)  Had the trial judge that took appellant's plea provided further clarity, there would have been no confusion here. Regardless, we conclude substantial evidence supports the sentencing court's finding that appellant's battery conviction is a serious felony that qualifies as a strike within the meaning of the three strikes law.

As appellant correctly notes, the abstract of judgment does not reflect the court's finding that he was convicted of a serious felony.  We shall order the judgment amended accordingly.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [trial court's oral pronouncement of judgment controls if different from the abstract of judgment].)

## DISPOSITION

The judgment is ordered modified to reflect that appellant's conviction of battery with serious bodily injury (§ 243, subd. (d)) is a serious felony that qualifies as a strike (§§ 667, (d)(1), 1192.7, subd. (c)(8)).  The superior court clerk shall prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


CODY, J.


We concur:



GILBERT, P. J.          YEGAN, J.


8

Jacqueline H. Duffy, Judge
Denise Debellefeuille, Judge
Superior Court County of San Luis Obispo

_____

Susan Wolk, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.