[No. A109650. First Dist., Div. Five. Oct. 19, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY M. BUENO, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

Randi Covin, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Jeffrey M. Laurence and Sharon G. Birenbaum, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GEMELLO, J.**—The three strikes law prescribes increased punishment for a person who is convicted of a felony after sustaining one or more qualifying prior felony convictions, commonly known as "strikes." (Pen. Code, §§ 667, subds. (b)–(i), 1170.12.) Defendant Anthony M. Bueno was convicted of inflicting corporal injury on a cohabitant. He was sentenced to a prison term

of 25 years to life based in part on two prior strikes on his record. Bueno contends that the People failed to prove that his 1996 conviction for battery with serious bodily injury was a serious felony for purposes of three strike sentencing. We agree and remand for retrial of that issue. We reject Bueno's separate challenge to the sufficiency of the evidence to support his conviction for inflicting corporal injury to a cohabitant.

PROCEDURAL BACKGROUND

In December 2004, the Napa County District Attorney filed an amended information charging defendant Anthony M. Bueno with inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a))[1] and making a criminal threat (§ 422). The information alleged that Bueno suffered two prior serious felony convictions within the meaning of the three strikes law.

The jury found Bueno guilty of the corporal injury charge but the jury was unable to reach a verdict on the criminal threat charge. For purposes of the three strikes law, the jury found that in 1996 Bueno was convicted of battery with serious bodily injury (§ 243, subd. (d)) and dissuading a witness (§ 136.1, subd. (c)(1)). The trial court determined that the two prior offenses qualified as strikes and sentenced defendant to a prison term of 25 years to life.

FACTUAL BACKGROUND

Deborah Mattson, the victim, dated defendant Bueno for two years, ending in October 2004. They lived together at different locations; on October 13, 2004, Mattson and Bueno had been living on Redwood Road in Solano for about three weeks to a month. They were staying with a friend, on the floor in his room or in the garage.

Mattson described her relationship with Bueno as "pretty abusive." He had previously beaten her with a belt and broom, punched her, slapped her, and kicked her. According to Mattson, on October 13 Bueno got angry at her because she did not hear something he said. He punched her in the eye and mouth, knocking her down.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Shortly thereafter, Mattson and Bueno drove to Bueno's son's residence. When they arrived, sheriff's deputies were there trying to conduct a probation search of the son's apartment. A deputy noticed Mattson's injuries and asked her what happened. She told the deputy that Bueno hit her. Bueno was arrested.

Mattson visited Bueno in jail two times. He asked her to tell the prosecutor that he had come home and found her in bed with another man, which was untrue.

DISCUSSION

I. *Sufficiency of the Evidence That the 1996 Conviction for Battery Was a Serious Felony*

■ Under the three strikes law, a prior conviction is a "serious felony" that counts as a strike for sentence enhancement purposes if it is a crime listed in section 1192.7, subdivision (c). (§ 667, subd. (d)(1).)[2] Bueno contends that the People presented insufficient evidence to support the trial court finding that his 1996 conviction for battery with serious bodily injury (§ 243, subd. (d)) was a serious felony. We agree.[3]

■ "The state has the burden 'to prove beyond a reasonable doubt those alleged prior convictions challenged by a defendant.' [Citation.] In reviewing the sufficiency of the evidence of the prior convictions, we determine ' ". . . whether a reasonable trier of fact could have found that the prosecution sustained its burden of proof beyond a reasonable doubt." ' " (*People v. Jones* (1995) 37 Cal.App.4th 1312, 1315 [44 Cal.Rptr.2d 552]; see also *People v. Tenner* (1993) 6 Cal.4th 559, 566–567 [24 Cal.Rptr.2d 840, 862 P.2d 840].)

At the prosecutor's request, the trial court took judicial notice of three documents relating to the 1996 battery conviction: the information, the plea form completed by defendant, and the minute order pertaining to the plea.[4] As to the battery, the information alleged: "On or about October 21, 1995 in the County of Napa, State of California, the crime of BATTERY WITH SERIOUS BODILY INJURY in violation of section 243 (D) of the Penal Code, a Felony, was committed by ANTHONY MARK BUENO, who did willfully and unlawfully use force and violence upon the person of JOHN

---

[2] A prior offense can also qualify as a strike if it is a violent felony under section 667.5, subdivision (c). (§ 667, subd. (d)(1).)

[3] Bueno does not challenge the finding that his conviction for dissuading a witness was a serious felony.

[4] Defendant Bueno's December 19, 2005, request for judicial notice is granted with respect to these three documents. Otherwise, the request is denied.

BARNEY, resulting in the infliction of serious bodily injury on such person. [¶] NOTICE: The above offense is a serious felony within the meaning of Penal Code section 1192.7 (c) (8)."

### A. Battery as a "Serious Felony"

The plea form and the minute order reflect a plea of no contest to the alleged violation of section 243, subdivision (d), but no admission that the offense was a serious felony. The plea form and minute order do not reflect any advisement that defendant could face enhanced punishment in the future under the three strikes law.

■ Battery with serious bodily injury is not one of the crimes specified in section 1192.7, subdivision (c) as a "serious felony." (*In re Jensen* (2001) 92 Cal.App.4th 262, 268 [111 Cal.Rptr.2d 751].) Nevertheless, the People urge that Bueno's offense was a serious felony under the general category of "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm." (§ 1192.7, subd. (c)(8).)

■ In considering whether Bueno's prior offense was a serious felony, we are bound by the rule that a record of a prior conviction establishes only the "least adjudicated elements" of the offense. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 261 [70 Cal.Rptr.2d 334, 949 P.2d 31].) At the time of the plea (and now), section 243, subdivision (d) provided that the offense occurs "[w]hen a battery is committed against any person and serious bodily injury is inflicted on the person." The People do not dispute that the bare fact that Bueno was convicted for battery with serious bodily injury under that section is insufficient to show he was convicted of a serious felony under section 1192.7, subdivision (c)(8). ■ That is, one can commit a battery within the meaning of section 243, subdivision (d) without committing a serious felony within the meaning of section 1192.7, subdivision (c)(8). As pertinent here, to establish that the battery was a serious felony the People were required to show that Bueno *personally* inflicted the injury, rather than that he aided and abetted another (*Rodriguez*, at p. 261), and that the victim was not an accomplice.[5] Accordingly, Bueno's prior conviction only qualifies as a serious felony if the People proved or Bueno admitted those additional facts regarding the crime. (*Rodriguez*, at pp. 261–262; see also *People v. Watts* (2005) 131 Cal.App.4th 589, 596–597 [32 Cal.Rptr.3d 260].)

---

[5] We assume for purposes of this decision that Bueno's admission to causing "serious bodily injury" is sufficient to establish that he inflicted "great bodily injury." (See *People v. Burroughs* (1984) 35 Cal.3d 824, 831 [201 Cal.Rptr. 319, 678 P.2d 894] [" ' "[s]erious bodily injury" and "great bodily injury" are essentially equivalent elements' "], overruled on another ground in *People v. Blakeley* (2000) 23 Cal.4th 82, 89 [96 Cal.Rptr.2d 451, 999 P.2d 675].)

The People do not claim that they presented evidence of the additional facts necessary to prove that Bueno's battery was a serious felony. Instead, the People contend that in pleading no contest to the battery charge, Bueno admitted the offense was a serious felony because the information alleged that it was a serious felony within the meaning of section 1192.7, subdivision (c)(8). We disagree.

### B. *Requirements of Section 969f*

Under section 969f, subdivision (a), when the People believe that the defendant's offense is a serious felony, "the facts that make the crime constitute a serious felony may be charged in the accusatory pleading" and "[i]f the defendant pleads guilty of the offense charged, the question whether or not the defendant committed a serious felony as alleged *shall be separately admitted or denied by the defendant.*" (Italics added.) The section was enacted in order to "prequalify a crime as a serious felony" for purposes of the three strikes law. (*People v. Leslie* (1996) 47 Cal.App.4th 198, 204 [54 Cal.Rptr.2d 545] (*Leslie*).) The section allows " 'the fact that a crime is a serious felony to be proven at the time the first crime is tried so that it may become a matter of record.' " (*Ibid.*, quoting Sen. Com. on Judiciary, Analysis of Assem. Bill No. 897 (1991–1992 Reg. Sess.).) Where the prosecution includes a serious felony allegation and the defendant pleads guilty or no contest, section 969f, subdivision (a), *requires* the defendant to admit or deny the allegation. (*Leslie*, at p. 204.)

In *Leslie*, the complaint in the prior prosecution contained a special allegation that the offense constituted a serious felony within the meaning of section 1192.7, but "no one asked appellant if he admitted or denied that the offense fell within that section, and the trial court made no finding in that regard." (*Leslie, supra,* 47 Cal.App.4th at p. 203.) *Leslie* concluded that the serious felony allegation was "in essence dismissed" in the earlier case and the prosecution bore the burden of proving the truth of the allegation in the current case. (*Id.* at p. 204.) The court explained, "If the court or counsel choose (or forget) to comply with section 969f, then in a subsequent case, the district attorney, instead of having a 'slam-dunk' admission by the defendant that the prior case was a serious felony, will be saddled with the burden of proving the same." (*Leslie,* at p. 205.) Failure to comply with section 969f does not, however, preclude the prosecution from proving the allegation in the current case. (*Leslie,* at pp. 204–205.)

There is no evidence in this record of compliance with section 969f, subdivision (a); that is, there is no evidence that Bueno admitted the serious felony allegation in the information. Absent such evidence, we must treat the allegation as dismissed.[6]

## C. *Extent of the 1996 Harvey Waiver*

The People contend that because a second count in the 1996 information was dismissed with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]), the trial court could consider the allegations in that count as evidence that Bueno "personally" committed the battery. The People assert that the second count related to the same conduct as the battery charge and that the second count alleged that Bueno committed a felonious assault with a deadly weapon: his hands and fists. However, the People do not cite any authority for the proposition that a *Harvey* waiver permits a subsequent court to consider the allegations of dismissed counts as admitted facts for purposes of determining whether the offense was a serious felony. *Harvey* itself does not support that result, because there the issue was whether the trial court could consider the facts underlying a dismissed count in deciding whether to impose an aggravated sentence. (*Harvey*, at p. 758.) In any event, the argument would at the most show that Bueno personally committed the battery, not whether the victim was an accomplice.

## D. *Remand*

◼  Because Bueno did not admit that his prior offense was a serious felony and because the People did not present evidence below supporting such a finding, we reverse the trial court finding that the 1996 battery conviction qualifies as a strike. Retrial of the prior conviction allegation is permissible in these circumstances (*People v. Barragan* (2004) 32 Cal.4th 236, 239 [9 Cal.Rptr.3d 76, 83 P.3d 480]), and we remand for resentencing or retrial.[7]

## II. *Sufficiency of the Evidence for the Corporal Injury Charge**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[6] We requested and received supplemental briefing from the parties regarding section 969f.

[7] Bueno concedes in his reply brief that the California Supreme Court decision *People v. McGee* (2006) 38 Cal.4th 682 [42 Cal.Rptr.3d 899, 133 P.3d 1054] forecloses his claims based on the double jeopardy clause and his right to trial by jury.

*See footnote, *ante*, page 1503.

## Disposition

The trial court's finding that defendant's 1996 conviction for battery constitutes a serious felony within the meaning of the three strikes law is reversed. The judgment is otherwise affirmed. The cause is remanded to the trial court for resentencing or, at the prosecution's election, redetermination of whether the prior battery conviction constituted a strike within the meaning of the three strikes law.

Jones, P. J., and Simons, J., concurred.

On October 26, 2006, and November 17, 2006, the opinion was modified to read as printed above.