Filed 10/23/13  P. v. Walker CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073231 |
| v. | (Super. Ct. No. CRF120873) |
| EUGENE WALKER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Eugene Walker asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record and defendant's supplemental brief, we conclude there was no error and affirm the judgment.

SUMMARY OF FACTS AND PROCEDURAL HISTORY

About 2:40 p.m. on April 21, 2012, defendant, his brother, and a third individual (Jerome) were riding their bicycles when they stopped in front of Colleen McIntyre's home.  Defendant and the others straddled their bicycles and began talking to each other.  Defendant then picked up a softball-sized rock and used it to hit Jerome in the head.

Officer Charles Ernst arrived at the scene and found Jerome lying on the front lawn, lapsing in and out of consciousness.  Officer Ernst also noted Jerome had a one-inch laceration on his left temple, which was later stapled closed.

1

The People charged defendant with assault with a deadly weapon resulting in great bodily injury. (Pen. Code,[1] §§ 245, subd. (a)(1) & 12022.7, subd. (a).) The People further alleged defendant was previously convicted of a serious felony (§§ 667, subd. (a) & 1192.7, subd. (c)) and previously served five separate terms in prison as described in section 667.5, subdivision (b).

In October 2012, defendant's counsel expressed doubt as to defendant's competence to stand trial. The trial court set a section 1368 hearing to determine defendant's competence. At the section 1368 hearing in December 2012, the trial court determined defendant to be competent to stand trial and reinstated the criminal proceedings.

Defendant later pled no contest to assault with a deadly weapon and admitted the great bodily injury enhancement as well as the prior strike. In exchange for defendant's plea, the People agreed to strike the remaining allegations. The People also moved to dismiss two trailing misdemeanor cases identified in the record as "1069" and "1584." The trial court granted the People's motion.

In accordance with his plea, the trial court sentenced defendant to serve an aggregate term of 12 years in state prison: the upper term of four years in state prison for assault with a deadly weapon, a consecutive term of three years for the great bodily injury enhancement, and another consecutive term of five years for the prior strike. The trial court also ordered defendant to pay various fines and fees and awarded him 327 days of custody credit (285 actual and 42 conduct).

Defendant appeals. He did not seek a certificate of probable cause (§ 1237.5).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d

---

[1] Undesignated section references are to the Penal Code.

436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief.  He contends his prior conviction for battery with serious bodily injury does not qualify as a prior strike offense.  He also contends his sentence cannot be enhanced based on his prior conviction for battery because he was on parole for that conviction when he was arrested in the current matter.  Defendant also claims the record indicates the trial court struck his prior conviction, so he should not have been sentenced to the consecutive five-year term for this, his second strike.  Finally, defendant claims the additional five-year term violates his right to equal protection and asks us to appoint new appellate counsel.

## DISCUSSION

Defendant argues his prior conviction for battery with serious bodily injury does not qualify as a strike offense.  Defendant is wrong.

The People alleged defendant's prior conviction for battery with serious bodily injury was a prior strike conviction under section 1192.7, subdivision (c)(8).  The bare fact of that conviction, however, is not sufficient to establish the crime was a strike offense.  (*People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508 (*Bueno*).)  "[O]ne can commit a battery within the meaning of section 243, subdivision (d) without committing a serious felony within the meaning of section 1192.7, subdivision (c)(8)."  (*Ibid.*)

Here, in order to establish defendant's prior conviction for battery was a serious felony, the prosecution was required to prove defendant "*personally* inflicted the injury, rather than that he aided and abetted another [citation], and that the victim was not an accomplice."  (*Bueno, supra,* at p. 1508.)  Alternately, defendant could admit the prior conviction for battery was a strike offense.  (*Ibid.*)  Here, defendant admitted the prior strike as part of the plea.  Accordingly, there was no error.

Defendant contends it was error to enhance his sentence based on his prior conviction for battery because he was still on parole for that crime when he was arrested

3

for the crimes committed here. There is no legal authority to support defendant's contention.

Defendant further contends the trial court struck or dismissed his prior conviction, and thus it was an error to append five years to his sentence based on the prior conviction. The record does not support defendant's contention that the trial court struck his prior conviction.

Defendant asserts the enhanced sentence violates his right to equal protection, but makes no argument as to how his sentence violates his equal protection rights. Based on our review of the record, we can discern no violation.

Finally, defendant asks this court to appoint him new appellate counsel. Defendant identifies what he claims are errors in appellate counsel's brief and asks, "could I get another attorney, or can I get a better brief filed." Having reviewed the opening brief and the record, we conclude there is no basis for appointing new appellate counsel.

## DISPOSITION

The judgment is affirmed.

                                        HOCH        , J.

We concur:


        BLEASE        , Acting P. J.


        DUARTE        , J.

4