Filed 4/21/14  P. v. Wolfe CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

| | |
|---|---|
| THE PEOPLE, | C073497 |
| Plaintiff and Respondent, | (Super. Ct. No. 62113983) |
| v. | |
| JAMIE AARON WOLFE, SR., | |
| Defendant and Appellant. | |

Defendant Jamie Aaron Wolfe, Sr., pleaded no contest to driving under the influence (DUI) of alcohol, driving while having a blood-alcohol level of 0.08 percent or higher, and driving on a suspended license.  He also admitted having committed the crimes within 10 years of three prior intoxication offenses, and admitted two violations of probation.  In a bifurcated proceeding, the trial court determined that defendant was previously convicted of a "serious" felony within the meaning of the three strikes law and thus the prior conviction qualified as a "strike."

On appeal, defendant contends and the People concede:  (1) the trial court's determination that defendant's 2000 conviction for battery with serious bodily injury

1

(Pen. Code, § 243, subd. (d))[1] was a serious felony within the meaning of the three strikes law is not supported by sufficient evidence; and (2) defendant is entitled to additional days of presentence custody credit. We agree with the first contention, and remand the matter for retrial of the first issue and resentencing.

## BACKGROUND

When officers stopped defendant for making an illegal U-turn and for speeding, he was drunk. At that time, he also had three prior DUI convictions and his license had been suspended. The subsequently filed complaint alleged (among other things) that defendant had a prior conviction in 2000 for a serious or violent felony within the meaning of the three strikes law. (§§ 667, subds. (b)-(i), 1170.12.)

In connection with his no contest plea, defendant waived his right to a jury determination of the truth of the prior conviction allegation and the matter proceeded to trial by the court. The court admitted into evidence certified copies of records showing defendant was previously convicted in 2000 of violating section 243, subdivision (d) on a no contest plea to a charge of felony battery resulting in the infliction of serious bodily injury.

The following documents were submitted by the People to prove the prior conviction: (1) a complaint filed in August 2000, charging defendant with a felony violation of section 243, subdivision (d), "in that said defendant did willfully and unlawfully use force and violence upon the person of [the victim], resulting in the infliction of serious bodily injury on such person," and alleging that the offense constitutes a serious felony within the meaning of the three strikes law; (2) handwritten minute orders; (3) minute orders reflecting defendant's nolo contendere plea to the charge and sentence to five years' probation; and (4) a certified rap sheet and a certified report

---

[1] Undesignated statutory references are to the Penal Code.

2

from the California Law Enforcement Telecommunications System that showed defendant's identifying information, and his 2000 conviction for violation of section 243, subdivision (d) as a felony.

Defense counsel argued the People failed to prove the prior conviction was a valid strike because they failed to prove defendant personally inflicted great bodily injury on the victim.

The trial court was not persuaded by defendant's argument. The court determined the prosecution proved defendant's prior 2000 conviction was a serious prior conviction, based on its conclusion that defendant pled no contest to a complaint that alleged he personally inflicted great bodily injury, alleged the crime constituted a serious felony within the meaning of the three strikes law, and did not indicate or allege that a codefendant was involved or that defendant was an accomplice.

Defendant then invited the trial court to strike the prior strike conviction (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497); the People opposed the motion. The court declined defendant's request.

## DISCUSSION

I. *The Evidence was Insufficient to Prove the 2000 Conviction for Battery was a Serious Felony*

The People alleged defendant's prior conviction for battery with serious bodily injury was a prior strike conviction under section 1192.7, subdivision (c)(8). The bare fact of that conviction, however, is not sufficient to establish the crime was a strike offense. (*People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508 (*Bueno*).) "[O]ne can commit a battery within the meaning of section 243, subdivision (d) without committing a serious felony within the meaning of section 1192.7, subdivision (c)(8)." (*Ibid.*)

In order to establish defendant's prior conviction for battery was a serious felony, the prosecution was required to prove defendant "personally inflicted the injury, rather than that he aided and abetted another [citation], and that the victim was not an

3

accomplice." (*Bueno, supra*, 143 Cal.App.4th at p. 1508, fn. omitted.)  Alternately, defendant could admit the prior conviction for battery was a strike offense.  (*Ibid*.) Neither occurred here.  Moreover, the facts relied upon by the trial court -- that the 2000 complaint charged the crime as a serious felony within the meaning of the three strikes law, alleged defendant personally inflicted great bodily injury, and failed to allege that a codefendant was involved or that defendant was an accomplice -- do not establish that defendant's prior conviction for battery was a serious felony without evidence he expressly admitted such allegations.  (See *Bueno, supra*, at pp. 1509-1510.)

Because defendant did not admit that his prior offense was a serious felony and because the People did not present evidence below supporting such a finding, we reverse the trial court's finding that the 2000 battery conviction qualifies as a strike.  Retrial of the prior conviction allegation is permissible in these circumstances (*Bueno, supra*, 143 Cal.App.4th at p. 1510), and we remand for resentencing or retrial.

II.  *On Remand, the Court Shall Entertain Defendant's Request for Recalculation of his Custody Credits*

The parties agree that the trial court did not correctly calculate defendant's presentencing custody credits; they do not, however, agree upon the number of days to which defendant is entitled once the correct calculation is applied.  Inasmuch as we are remanding this matter for retrial and/or resentencing, we direct the trial court to entertain defendant's request for recalculation of his pretrial custody credits.

DISPOSITION

The trial court's finding that defendant's 2000 conviction for battery constitutes a serious felony within the meaning of the three strikes law, and its determination that defendant is entitled to 613 days of presentence credit, is reversed.  The judgment is otherwise affirmed.  The cause is remanded to the trial court for recalculation of defendant's presentence custody credits and resentencing or, at the prosecution's election,

4

redetermination of whether the prior battery conviction constituted a strike within the meaning of the three strikes law.

                                       <u>    BLEASE             </u>, Acting P. J.

We concur:

<u>    BUTZ                </u>, J.

<u>    MURRAY            </u>, J.