Filed 3/24/21  P. v. Scott CA4/2
*See dissenting opinion*

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES KANARD SCOTT, JR.,<br><br>    Defendant and Appellant. | E073100<br><br>(Super.Ct.No. RIF077569)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Natasha Cortina, Tami Falkenstein Hennick, and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

1

After a superior court judge granted defendant and appellant Charles Kanard Scott's petition for writ of habeas corpus and remanded the matter to the sentencing department to permit the People to prove defendant had suffered a prior serious felony and prior strike conviction, the sentencing court found that sufficient evidence supported the prior conviction enhancements. On appeal, defendant contends that insufficient evidence supports the court's finding that his prior conviction amounted to a serious felony. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On September 10, 1998, a jury convicted defendant of attempted murder (Pen. Code §§ 664, 187, count 1),[2] attempted voluntary manslaughter (§§ 664, 192, subd. (a), count 2), shooting at an inhabited home (§ 246, count 3), and being a convicted felon in possession of a firearm (former § 12021, subd. (a)(1), count 4). The jury additionally found true allegations that defendant had personally used a firearm during the commission of counts 1 through 3. (§ 12022.5, subd. (a).) The trial court thereafter found true allegations that defendant had suffered two prior strike convictions (§§ 667, subds. (c), (e), 1170.12, subd. (c)), two prior serious felony convictions (§ 667, subd. (a)), and two prior prison terms (§ 667.5, subd. (b)).

---

[1] We take judicial notice of our nonpublished opinion in *People v. Scott* (Feb. 29, 2000, E023696), defendant's appeal from his conviction. (Evid. Code, §§ 452, subd. (d), 459.)

[2] All further statutory references are to the Penal Code unless otherwise indicated.

On November 16, 1998, the trial court sentenced defendant, as a third strike offender, to four consecutive 25-year-to-life terms on the substantive offenses and a consecutive term of 25 years four months on the remaining enhancements. Defendant appealed, and this court affirmed the judgment. (*People v. Scott*, *supra*, E023696.)

On August 2, 2018, defendant filed a petition for writ of habeas corpus in the superior court alleging the evidence supporting the true findings on one of the prior serious felony convictions and prior strike conviction enhancements was unconstitutionally infirm. On December 18, 2018, a superior court judge issued an order to show cause why relief should not be granted based on petitioner's claims that he was entitled to relief pursuant to *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*).[3]

On February 20, 2019, the People filed a return to the petition asserting defendant failed to establish his burden of showing the judgment against him was invalid, and the issue should have been raised on appeal. The People further maintained that even pursuant to *Gallardo*, the record in the case supported the true findings on the enhancements.

At a hearing on April 18, 2019, the superior court judge informed the parties that the tentative decision was to grant defendant's petition and remand the matter to the sentencing department pursuant to *Gallardo*. The judge reasoned that the sentencing court had improperly reviewed the probation report in rendering a true finding on the prior conviction enhancements and stated: "I think there are ambiguities . . . in the

---

[3] The People apparently filed an informal response to defendant's petition, which is not included in the record on appeal.

sentencing that would have been cleared up by the probation report which is clearly . . . inadmissible, in order to determine whether that constituted a strike or not." After argument by the parties, the superior court judge granted the petition and remanded the matter to the sentencing department to "'[p]ermit the People to demonstrate to the trial court, based on the record of the prior plea proceedings, that defendant's guilty plea encompassed a relevant admission about the nature of the crime.'"

On June 19, 2019, the parties filed a joint statement of the issues remaining to be addressed, which they framed as follows: "1. Whether the transcript considered by the trial court and designated Exhibit 4 in the habeas proceeding, and attached herewith, is admissible evidence of the facts underlying defendant's prior conviction; and if so, [¶] 2. Whether the transcript supports the People's burden of showing that the defendant personally inflicted the injury and that the victim was not an accomplice."

Exhibit 4 consists of a reporter's transcript of defendant's guilty plea on August 8, 1991, for battery while inflicting serious bodily injury. (§ 243, subd. (d).) The judge noted that defendant had already pled guilty to the offense. However, the plea bargain had been changed so that defendant would be sentenced to state prison for the low term of two years, to be served concurrently with his two-year sentence in another case, where defendant had pled guilty to assault with a firearm. (§ 245, subd. (a)(2).) Defendant agreed to the change in the plea. The factual basis for the plea of guilty to the battery while inflicting serious bodily injury charge consisted of the following colloquy:

"[DEFENSE COUNSEL]: The factual basis is my client got into a fight with the victim alleged in Count I, . . . and [the victim] suffered a very large contusion and a broken tooth.

"THE COURT: You heard what your attorney . . . says, do you agree with that . . . , is that a statement of the events?

"[DEFENDANT]: I didn't hear it.

"[DEFENSE COUNSEL]: [The victim] had a broken tooth and a large bruise—contusion after—

"THE COURT: After you had a fight with him; is that correct?

"[DEFENDANT]: Yes."

The matter was thereafter continued for the preparation of a probation report.

On June 24, 2019, defendant filed a supplemental brief asserting that even if the court could consider the August 8, 1991 "sentencing" transcript, it failed to prove that defendant had personally committed the battery, which was requisite for a finding that defendant's conviction qualified as a serious felony and prior strike conviction. At the June 25, 2019 hearing, defense counsel argued that "the trial court considered not what was given as the factual basis for the guilty plea, but instead the colloquy that happened during a sentencing proceeding." The judge responded: "That was a factual basis for a guilty plea." Defense counsel replied: "No, sir. That was actually—when imposing the sentence, what the Court had done is not reference the actual colloquy that occurred during the taking of the guilty plea. I understand that it reads that way and it appears that way when reading the transcript, but the colloquy that actually occurred, that the Court

5

referenced and that I cited in the supplemental brief, was actually not the date that the plea was taken."

Defense counsel additionally argued that the factual basis for the plea was insufficient to sustain the prior conviction enhancements because there was insufficient evidence the injury was inflicted on a victim, rather than an accomplice, and that defendant, rather than an accomplice, had inflicted the injury. The People contended that the August 1991 transcript was both admissible and sufficient for proving the truth of the prior conviction enhancements, particularly when indulging in rational inferences therefrom.

On June 25, 2019, the superior court judge found that the August 1991 transcript of the factual basis was admissible to prove the prior conviction enhancements. The court also found that the victim of the battery was not an accomplice: "The victim was not an accomplice. One cannot be an accomplice. It is impossible. It is a legal impossibility to be an accomplice in your own battery. That is abundantly clear. He's specifically referred to as 'the victim.' When we talk about accomplices, that's something that happens to someone helping you—that is someone who is participating in the target offense."

The court further found that the factual basis was sufficient to prove that defendant personally inflicted the injury on the victim: "I think in order for me to read it, there is a possibility that there might have been others involved . . . this colloquy would be to elevate form over substance." "The defendant . . . specifically admitted that he did get in a fight with the victim, and as a result of that fight, the victim had a broken tooth and a

6

large contusion." The victim "was the named victim. The victim is this person, and so he is the victim of the [great bodily injury] and the target offense, which was the 243(d)."

## II. DISCUSSION

Defendant contends insufficient evidence supports the superior court's finding that he *personally* inflicted serious bodily injury upon *the victim*, rather than an accomplice. We disagree.

In *Gallardo*, *supra*, 4 Cal.5th 120, the court, in considering *Descamps v. United States* (2013) 570 U.S. 254, determined that its prior sanctioned approach was "no longer tenable insofar as it authorize[d] trial courts to make findings about the conduct that 'realistically' gave rise to a defendant's prior conviction." (*Gallardo*, at p. 134.) The court held: "The trial court's role is limited to determining the facts that were necessarily found in the course of entering the conviction. To do more is to engage in 'judicial factfinding that goes far beyond the recognition of a prior conviction.'" (*Ibid.*)

"[W]e now hold that a court considering whether to impose an increased sentence based on a prior qualifying conviction may not determine the 'nature or basis' of the prior conviction based on its independent conclusions about what facts or conduct 'realistically' supported the conviction. [Citation] That inquiry invades the jury's province by permitting the court to make disputed findings about 'what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct.' [Citation.] The court's role is, rather, limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a

guilty verdict, or that the defendant admitted as the factual basis for a guilty plea."
(*Gallardo*, *supra*, 4 Cal.5th at p. 136.)

Where a trial court has violated this tenet, "the appropriate course is to remand to permit the trial court to make the relevant determinations about what facts defendant admitted in entering her plea. Our precedent instructs that determinations about the nature of prior convictions are to be made by the court, rather than a jury, based on the record of conviction." (*Gallardo*, *supra*, 4 Cal.5th at p. 138.)

"'The People must prove all elements of an alleged sentence enhancement beyond a reasonable doubt.' [Citation.] 'On review, we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence. In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt.'" (*People v. Hudson* (2018) 28 Cal.App.5th 196, 203 [standard of review applied on appeal in which the defendant alleged the court had rendered a *Gallardo* error].) "[T]he trier of fact may draw *reasonable inferences* from the record presented. Absent rebuttal evidence, the trier of fact may presume that an official government document, prepared contemporaneously as part of the judgment record and describing the prior conviction, is truthful and accurate. Unless rebutted, such a document, standing alone, is sufficient evidence of the facts it recites about the nature and circumstances of the prior conviction." (*People v. Miles* (2008) 43 Cal.4th 1074, 1083.)

8

"Battery with serious bodily injury is not one of the crimes specified in section 1192.7, subdivision (c) as a 'serious felony.'" (*People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508.) "[O]ne can commit a battery within the meaning of section 243, subdivision (d) without committing a serious felony within the meaning of section 1192.7, subdivision (c)(8)." (*Ibid.*) "[T]o establish that the battery was a serious felony the People [are] required to show that [defendant] *personally* inflicted the injury, rather than that he aided and abetted another [citation], and that the victim was not an accomplice." (*Ibid.*)

Here, sufficient evidence supports the superior court's finding that defendant personally inflicted serious bodily injury on a nonaccomplice. Defendant admitted that he was in a fight with the named victim, and the victim thereafter suffered "a broken tooth" and "a very large contusion." The court could and did rationally infer from that admission that defendant personally inflicted serious bodily injury on a nonaccomplice. There was no indication that anyone other than defendant and the named victim were involved in the altercation. Thus, sufficient evidence supports the true finding on the prior serious felony and prior strike conviction enhancements.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
Acting P. J.

I concur:


CODRINGTON
J.

10

[*People v. Scott*, Jr., E073100]

MENETREZ, J., Dissenting.

The majority opinion's application of the substantial evidence standard of review masks the opinion's failure to follow *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*). In 1991, Charles Kanard Scott, Jr., admitted facts constituting the felony of battery with serious bodily injury, to which he pled guilty. The admitted facts do not constitute a serious felony under subdivision (c) of Penal Code section 1192.7 (subsequent statutory citations are to this code). But the majority opinion, applying substantial evidence review, starts with the admitted facts and then infers *additional* facts that *do* constitute a serious felony, thereby supporting the third strike sentence that Scott received in a later case in 1998. The majority opinion also relies on *People v. Miles* (2008) 43 Cal.4th 1074 (*Miles*) for the proposition that the sentencing court "'may draw *reasonable inferences* from the record presented'" in determining whether a prior conviction is a serious felony. (Maj. opn., *ante*, at p. 8.) But *Miles* predates *Gallardo*, is inconsistent with (though not expressly overruled by) *Gallardo*, and is based in part on the case that *Gallardo* overruled, *People v. McGee* (2006) 38 Cal.4th 682 (*McGee*). Because the majority opinion's approach violates *Gallardo*, I respectfully dissent.

Under *Gallardo*, "a court considering whether to impose an increased sentence based on a prior qualifying conviction" is "limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*Gallardo*, *supra*, 4 Cal.5th at p. 136.) Thus, "[t]he trial court's

1

role is limited to determining the facts that were necessarily found in the course of entering the conviction. To do more is to engage in 'judicial factfinding that goes far beyond the recognition of a prior conviction.'" (*Id.* at p. 134.) The court "may not determine the 'nature or basis' of the prior conviction based on its independent conclusions about what facts or conduct 'realistically' supported the conviction. [Citation.] That inquiry invades the jury's province by permitting the court to make disputed findings about 'what a trial showed, *or a plea proceeding revealed*, about the defendant's underlying conduct.'" (*Id.* at p. 136, italics added.)

Battery with serious bodily injury under section 243, subdivision (d), is not listed as a serious felony under section 1192.7, subdivision (c). But "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice," is a serious felony under section 1192.7, subdivision (c)(8).

Personal infliction of great bodily injury and the victim's not being an accomplice are not elements of battery with serious bodily injury under section 243, subdivision (d). But if a defendant commits battery with serious bodily injury *and* personally inflicts great bodily injury *and* the victim is not an accomplice, then the offense becomes a serious felony under section 1192.7, subdivision (c)(8). (*People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508.)

In 1991, Scott pled guilty to battery with serious bodily injury under section 243, subdivision (d). He admitted facts constituting the elements of the offense and nothing more—he admitted that he was in a fight with the victim and that afterward the victim had a broken tooth and a large contusion. Scott did not admit that he personally inflicted

2

great bodily injury or that the victim was not an accomplice—he did not admit anything about who inflicted the victim's injuries or whether the victim was an accomplice in some other crime. The plea colloquy is quoted in full in the majority opinion. (Maj. opn., *ante*, at p. 5.) It reflects that defense counsel and the court were very precise when eliciting Scott's admission of the factual basis for the plea. They had Scott admit only the elements of the crime to which he pled guilty.

In 1998, Scott was convicted by jury of multiple felonies, including attempted murder. The information alleged two prior serious felony convictions and two prior strike convictions, including the 1991 battery with serious bodily injury. The court found the prior conviction allegations true and sentenced Scott as a third strike offender on that basis.

In 2018, Scott petitioned the superior court for a writ of habeas corpus on the ground that under *Gallardo*, *supra*, 4 Cal.5th 120, the evidence was constitutionally insufficient to support the true finding on the serious felony and strike conviction enhancements as to the 1991 battery. The superior court granted the petition and remanded the matter to the sentencing court to give the prosecution the opportunity to

prove that Scott's "'guilty plea encompassed a relevant admission about the nature of the crime.'"[1]

The sentencing court rejected Scott's claim, concluding that it "elevate[s] form over substance." The majority opinion affirms because we can "rationally infer from [Scott's] admission[s] that defendant personally inflicted serious bodily injury on a nonaccomplice." (Maj. opn., *ante*, at p. 9.)

That is a straightforward violation of *Gallardo*. The sole issue before us is whether Scott admitted facts constituting a strike. He did not. It does not matter that we can rationally infer additional, nonadmitted facts that constitute a strike. To take those additional inferential steps, no matter how rational, is to engage in exactly the kind of judicial factfinding that *Gallardo* forbids. (See, e.g., *People v. Strike* (2020) 45 Cal.App.5th 143, 152-153; *People v. Hudson* (2018) 28 Cal.App.5th 196, 208-209.)

Finally, as already noted, the majority opinion's reliance on *Miles* is misplaced. The statement in *Miles* that the sentencing court "may draw *reasonable inferences* from the record presented" (*Miles*, *supra*, 43 Cal.4th at p. 1083) is inconsistent with *Gallardo*. *Gallardo* limits the sentencing court to consideration of the facts "the defendant admitted

---

**1**        Our court has previously held that *Gallardo* applies retroactively to final judgments (*In re Brown* (2020) 45 Cal.App.5th 699, 714-722, review granted June 10, 2020, S261454), but the issue is currently pending before the Supreme Court (*In re Milton* (2019) 42 Cal.App.5th 977, 982, 988-999, review granted Mar. 11, 2020, S259954). Here, the superior court applied *Gallardo* retroactively in granting Scott's habeas petition, and the People did not appeal. Accordingly, the People expressly decline to contest the retroactivity issue on this appeal. Thus, regardless of whether the Supreme Court determines that *Gallardo* is retroactive in general, for purposes of the instant case *Gallardo* applies.

4

as the factual basis for a guilty plea" (*Gallardo*, *supra*, 4 Cal.5th at p. 136); the court cannot consider reasonable inferences from those admitted facts.  It is consequently unsurprising that the analysis in *Miles* is partly based on *McGee*, *supra*, 38 Cal.4th 682 which *Gallardo* overruled.  (See *Miles*, at p. 1088, fn. 10 [citing *McGee* for proposition that "relevant inquiry is whether record discloses 'realistic[]' possibility that prior conviction 'may have been based on conduct that would not constitute a serious felony under California law'"]; *Gallardo*, at p. 136 [overruling *McGee*'s holding that a sentencing court may base its decision "on its independent conclusions about what facts or conduct 'realistically' supported the conviction"].)

    For all of these reasons, I respectfully dissent.  The order should be reversed and the matter remanded for resentencing.

MENETREZ       <br>J.