Filed 6/23/21  P. v. Cooper CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C088522 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE012454) |
| v. | |
| JUSTIN MICHAEL COOPER, | |
| Defendant and Appellant. | |

This case is an example of how the maxim that an appellate court reviews the result rather than the reasoning of the trial court's actions can lead to a simple solution to a potentially more complex problem.

Following a jury trial, defendant Justin Michael Cooper was convicted of unlawfully driving or taking a vehicle worth over $950 with a prior violation of this

1

section. (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5, subd. (a).)[1] The jury sustained strike and prior prison term allegations in a bifurcated proceeding. (§§ 1170.12, 667.5, subd. (b).) The trial court sentenced defendant to a 10-year state prison term.

On appeal, defendant contends the trial court's finding that his prior conviction qualified as a strike must be reversed because the court engaged in impermissible factfinding in violation of his right to a jury trial and there is insufficient evidence to support the finding. He also contends that various fines and assessments must be stayed pending a determination of his ability to pay pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), and the prison priors must be stricken in light of Senate Bill No. 136.

It is unnecessary to determine whether the trial court improperly relied on the facts of the prior crime adduced at the preliminary hearing for his prior conviction to determine whether the prior was a strike because, when pleading no contest in the prior case, defendant was informed the conviction would be considered a strike, acknowledged this consequence, and proceeded with the plea. Disagreeing with *Dueñas*, we shall remand for resentencing with directions to strike the prison priors.

FACTUAL AND PROCEDURAL BACKGROUND

We dispense with the facts of defendant's crime as they are unnecessary to resolve this appeal.

The information alleged defendant's 2016 conviction for battery with serious bodily injury (§ 243, subd. (d)) was a serious felony and therefore a strike and this conviction and a 2007 conviction for vehicle theft supported prior prison term

---

[1] Undesignated statutory references are to the Penal Code.

enhancements. The trial court granted defendant's motion to bifurcate the trial on the priors.

Defendant subsequently moved to exclude from proceedings on the priors the preliminary hearing transcript from the 2016 conviction or any hearsay contained therein. Citing *People v. Gallardo* (2017) 4 Cal.5th 120, defendant claimed the preliminary hearing transcript was irrelevant to determine whether he personally inflicted great bodily injury in committing the 2016 offense, and the trial court's examination of the preliminary hearing transcript for this purpose violated his Sixth Amendment jury trial rights.

The trial court ruled that defendant stipulated to the preliminary hearing as the factual basis of his plea, which distinguished *People v. Gallardo, supra*, 4 Cal.5th 120. Based on the testimony from the preliminary hearing transcript, the trial court found the 2016 conviction qualified as a strike.

The preliminary hearing transcript contained the testimony of a single witness, a deputy at the South Placer Correctional Facility, who testified that an inmate told him someone hit him while he was in a restricted area. The deputy also interviewed the physician's assistant who treated the inmate, who related the inmate's injuries as a result of the attack—a lacerated forehead, minor swelling to his face, pain in the right sinus, an abrasion to the face, and fractures in the right sinus area. The deputy's review of surveillance video showed the inmate was attacked by defendant and another inmate. The video showed defendant kicking and punching the victim. When the deputy told defendant he had seen the video, defendant said the video spoke for itself.

At the change of plea hearing for the 2016 conviction, the prosecutor stated the terms of the plea as follows: "So the 243 (D), it would be stipulated that's a strike, and he would be receiving the upper term of four years in the California Department of Corrections. He would have an additional subordinate year for the 10851, with prior under 667.5 which he was previously sentenced on, and then two additional prior prison

3

terms for an additional two years to get to the total of seven years in CDC." The defense did not object to the prosecutor's characterization of the plea.

While explaining the plea's terms to defendant, the trial court asked him: "Okay. You do understand though that the plea that is being contemplated would constitute a strike in that you personally inflicted great bodily injury? Do you understand that strike would enhance your sentence should you be convicted of a felony in the future? Do you understand that?" Defendant affirmed that he understood. The strike nature of the section 243 offense was not mentioned again during the plea colloquy. The parties stipulated to the preliminary hearing as the factual basis for the plea.

DISCUSSION

I

*The Strike Finding*

A conviction for battery with serious bodily injury does not qualify as a serious felony unless the defendant personally inflicted great bodily injury on a person other than an accomplice. (§ 1192.7, subd. (c)(8); *People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508 [the prosecution is required to prove that the victim was not an accomplice and that the defendant personally inflicted the injury rather than that he aided and abetted another].) Defendant contends the trial court erred in finding the 2016 prior was a serious felony and strike because there is insufficient evidence to support a finding he personally inflicted serious bodily injury on a nonaccomplice and the trial court's use of the preliminary hearing transcript testimony to make this finding violated his Sixth Amendment right to a jury trial.

As explained in *Descamps v. United States* (2013) 570 U.S. 254 [186 L.Ed.2d 438], judicial factfinding beyond facts implied by the elements of the prior offense violates the Sixth Amendment right to a jury trial. (See, e.g., *People v. Navarette* (2016) 4 Cal.App.5th 829, 844; *People v. Marin* (2015) 240 Cal.App.4th 1344, 1363.) As such, a defendant is entitled to a jury trial on the issue of whether he personally inflicted

4

serious bodily injury on a nonaccomplice, unless he waives a jury or either admits the necessary facts or assents to the trial court's finding of them without a jury. (*Marin*, at pp. 1363-1364.)

We need not determine whether the trial court violated the Sixth Amendment in relying on the preliminary hearing transcript or whether the facts therein are substantial evidence of the elements necessary to support the serious felony finding.

"Under section 969f, subdivision (a), when the People believe that the defendant's offense is a serious felony, 'the facts that make the crime constitute a serious felony may be charged in the accusatory pleading' and '[i]f the defendant pleads guilty of the offense charged, the question whether or not the defendant committed a serious felony as alleged *shall be separately admitted or denied by the defendant*.' (Italics added.) The section was enacted in order to 'prequalify a crime as a serious felony' for purposes of the three strikes law. [Citation.] The section allows ' "the fact that a crime is a serious felony to be proven at the time the first crime is tried so that it may become a matter of record." ' [Citations.] Where the prosecution includes a serious felony allegation and the defendant pleads guilty or no contest, section 969f, subdivision (a), requires the defendant to admit or deny the allegation." (*People v. Bueno, supra*, 143 Cal.App.4th at p. 1509.) "By this means as well, the serious felony nature of the offense will become an explicit part of the record of conviction, leaving no room for confusion if and when the issue becomes relevant to the sentence for a subsequent felony." (*People v. Delgado* (2008) 43 Cal.4th 1059, 1072.)

While defendant did not use the term "admit" or a similar word, there can be no doubt classifying the section 243 offense as a serious felony was a term of the plea agreement, defendant was advised this was a consequence of his plea, he admitted understanding this advisement, and proceeded with the plea in the presence of counsel. A waiver or admission does not require the use of specific terms or words so long as the defendant is aware of what he or she is doing. (*People v. Harty* (1985) 173 Cal.App.3d

493, 502; see *People v. Mosely* (2004) 33 Cal.4th 353, 356 [whether admission of prior conviction was voluntary determined by examining the totality of the circumstances].) Here, there is no doubt defendant effectively admitted the section 243 offense was a serious felony and strike when he entered his plea.

We review whether the trial court reached the right result, and will affirm even if that result is reached for the wrong reasons. (*Finnie v. District No. 1 - Pacific Coast Dist. etc. Assn.* (1992) 9 Cal.App.4th 1311, 1316 [noting that, on appeal, we review the result rather than the reasoning employed by the trial court].) Defendant's acknowledgement that the battery with serious bodily injury charge he was pleading to was a strike renders that conviction a serious felony and strike as matter of law. Whether the trial court erred in making the strike finding based on the preliminary hearing transcript is irrelevant.

## II

### *Dueñas*

Citing *Dueñas*, defendant contends the court operations assessment (§ 1465.8) and conviction assessment (Gov. Code, § 70373) must be stricken as there was no hearing on his ability to pay them.[2]

We join the courts concluding *Dueñas* was wrongly decided and hold that defendant was not entitled to an ability to pay hearing for these assessments. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 322, review granted November 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1060; *People v. Caceres* (2019) 39 Cal.App.5th 917, 920.) We therefore reject the contention.

---

[2] Defendant does not include the $3,000 restitution fine (CT 168) in his *Dueñas* claim.

## III

### *Senate Bill No. 136*

Defendant contends, and the Attorney General agrees, that recently enacted Senate Bill No. 136, which limits the prior offenses that qualify for a prior prison term enhancement, applies retroactively to his case. We agree.

On October 8, 2019, the Governor signed Senate Bill No. 136, which amended section 667.5, effective January 1, 2020. (Stats. 2019, ch. 590, § 1.) Senate Bill No. 136 narrowed eligibility for the one-year prior prison term enhancement to those who have served a prior prison sentence for a sexually violent offense.

Defendant's prior prison terms at issue were not for sexually violent offenses. (See Welf. & Inst. Code, § 6600, subd. (b) [defining sexually violent offense].) Defendant is therefore entitled to the ameliorative benefit of the statute if Senate Bill No. 136 is applied retroactively. We agree with the parties that the amendment to Senate Bill No. 136 should be applied retroactively in this case.

Generally speaking, new criminal legislation is presumed to apply prospectively unless the statute expressly declares a contrary intent. (§ 3.) However, where the Legislature has reduced punishment for criminal conduct, an inference arises under *In re Estrada* (1965) 63 Cal.2d 740, " 'that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' [Citations.]" (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308.) "A new law mitigates or lessens punishment when it either mandates reduction of a sentence or grants a trial court the discretion to do so. [Citation.]" (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 56.)

Senate Bill No. 136 narrowed who was eligible for a section 667.5, subdivision (b) prior prison term enhancement. There is nothing in the bill or its associated legislative history that indicates an intent that the court not apply this amendment to all individuals

7

whose sentences are not yet final.  Under these circumstances, we find that *In re Estrada's* inference of retroactive application applies.  (Accord, *People v. Lopez* (2019) 42 Cal.App.5th 337, 340-342 [Sen. Bill No. 136 applies retroactively to cases not yet final on appeal]; *People v. Jennings* (2019) 42 Cal.App.5th 664, 680-682 [same].)  The standard relief granted by appellate courts in this situation is to direct the trial court to strike defendant's prior prison term enhancements and "remand the matter for resentencing to allow the court to exercise its discretion in light of the changed circumstances."  (*Jennings,* at p. 682.)  We shall do so here.

## DISPOSITION

The matter is remanded with directions to the trial court to strike both prior prison term enhancements and for resentencing consistent with this opinion.  In all other respects, the judgment is affirmed.

/s/
BLEASE, J.

I concur:

/s/
RAYE, P. J.

8

MAURO, J., Concurring and Dissenting.


I fully concur in the majority opinion except for part II of the Discussion, pertaining to defendant's challenge to the $40 court operations assessment and the $30 court facility assessment, as to which I dissent.

In *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the court held it is improper to impose certain fines or assessments without determining defendant's ability to pay. (*Id*. at pp. 1168, 1172.)  Although some courts have subsequently criticized *Dueñas*'s legal analysis (see, e.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946), *Dueñas* remains citable precedent.  Until the California Supreme Court has had an opportunity to resolve the current split in authority, on remand I would direct the trial court to consider defendant's ability to pay the assessments.


　　　　　　　　　　　　　/s/　　　　　　　　　
　　　　　　　　　　　　　MAURO, J.


1