Filed 10/16/23  P. v. Zeissler  CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ALEX MATTHEW ZEISSLER,<br><br>        Defendant and Appellant. | C097091<br><br>(Super. Ct. No. 22CF03246) |

Defendant Alex Matthew Zeissler pled no contest to battery causing serious bodily injury.  (Pen. Code, § 243, subd. (d); undesignated section references are to the Penal Code.)  On appeal, he contends the trial court erred by (1) sentencing him to state prison instead of county jail; and (2) imposing a $250 domestic violence program fee.  The first contention is forfeited and the second is meritorious.  We strike the fee and affirm the judgment as modified.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are from the September 2022 probation report that defendant stipulated to as the factual basis for his plea. In June 2022, a passerby found defendant's wife on the sidewalk in a fetal position. The passerby took the wife to the hospital, where she was treated for injuries to her face, neck, torso, legs, arms, buttocks, and back. She had bruises consistent with being strangled, and she required stitches for a laceration behind her left ear.

The wife initially told a police officer that she had been attacked and robbed. But she later said that defendant had grown angry after a phone call. He threw her down onto her back on the couch and then punched and slapped her repeatedly on her face, abdomen, and torso. After defendant fell asleep, the wife left the house to look for help, and the passerby found her.

Defendant was charged with, among other things, battery causing serious bodily injury (count 2). As to count 2, the information stated " 'NOTICE: The above offense is a serious felony within the meaning of Penal Code section 1192.7(c).' "

In August 2022, defendant pled no contest to battery causing serious bodily injury, "as alleged in Count 2." During his plea, defendant agreed the trial court could "take [the] factual basis from the probation report."

The September 2022 probation report stated that the current felony was a serious felony and recommended defendant be sentenced to the middle term of three years in state prison. The report also described the crime as involving great bodily harm, noting that the victim required hospitalization and rehabilitation as a result of defendant's actions.

During the September 2022 sentencing hearing, the trial court announced it was inclined to follow the probation department's recommendation and impose a three-year prison sentence. Defense counsel responded that probation was appropriate but did not argue for a county jail sentence. The trial court denied probation and sentenced

defendant to three years in state prison. The trial court also imposed a $250 domestic violence program fee "pursuant to [section] 1463.27."

## DISCUSSION

## I

*Defendant Has Forfeited His Contention That He Should Have*

*Been Sentenced to County Jail Instead of State Prison*

Defendant contends the trial court erred by sentencing him to state prison instead of county jail. This contention is forfeited.

A defendant must serve a state prison sentence *if* he has a prior or current serious or violent felony conviction. (§§ 1170, subd. (h), 667.5, subd. (c) [violent felonies], 1192.7, subd. (c) [serious felonies].) Battery causing serious bodily injury is not a violent felony. So a prison sentence was appropriate only if defendant's crime was a serious felony based on defendant personally inflicting great bodily injury. (§ 1192.7, subd. (c)(8); see also *People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508 [although a conviction for battery causing serious bodily injury is not necessarily a serious felony, it can be if the defendant personally inflicted great bodily injury].)

Despite pleading no contest to the battery charge "as alleged" (as a serious felony), defendant argues the record does not reflect that he was convicted of a serious felony since he did not admit that he personally inflicted great bodily injury. Defendant further contends that he was never advised by his counsel or by the trial court that the conviction might qualify as a serious felony, noting the plea form was silent on whether his conviction was a serious felony.

The People respond that defendant has forfeited the issue by failing to object. (*People v. Scott* (1994) 9 Cal.4th 331, 351.) Defendant argues the sentence was unauthorized because the trial court did not have authority to look to the facts as stated in the probation report and find that he personally inflicted great bodily injury. We agree with the People.

3

Given that battery causing serious bodily injury can be a serious felony if the defendant personally inflicted great bodily injury, there is no merit in defendant's argument that the trial court imposed an unauthorized sentence. (§ 1192.7, subd. (c)(8); *People v. Bueno, supra*, 143 Cal.App.4th at p. 1508.) As such, to the extent he takes issue with the way the trial court determined he personally inflicted great bodily injury, he needed to raise that claim of error during sentencing. His failure to do so forfeits the issue.

## II

*The Domestic Violence Fee Must Be Stricken*

Defendant contends and the People agree, as do we, the court erred in imposing a $250 domestic violence program fee. The statute authorizing such a fee does not list defendant's crime as a qualifying offense. (§ 1463.27, subd. (a) [fee statute]; § 243, subd. (d) [defendant's crime].)

## DISPOSITION

The judgment is modified to strike the $250 domestic violence program fee.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment striking the fee that is currently reflected in item 8 of the abstract and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

    /s/
MESIWALA, J.


We concur:


    /s/
MAURO, Acting P. J.


    /s/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5