Filed 7/23/24  P. v. Alcaraz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C099005 |
| Plaintiff and Respondent, | (Super. Ct. No. 22F-04531) |
| v. | |
| JOSEPH MANUEL ALCARAZ, | |
| Defendant and Appellant. | |

A jury found defendant Joseph Manuel Alcaraz guilty of assault with a deadly weapon and criminal threats with a weapon enhancement after he attacked a hotel employee with a knife.  In a bifurcated proceeding, the trial court found true that defendant had a prior serious felony conviction for battery with serious bodily injury. Defendant was sentenced to an aggregate term of 11 years in state prison.

On appeal, defendant argues that his sentence must be vacated because (1) the evidence was insufficient to establish his prior battery conviction constituted a "serious felony" for purposes of sentencing under the Three Strikes law (Pen. Code, §§ 667,

1

subds. (b)-(i), 1170.12);[1] and (2) the trial court abused its discretion by failing to dismiss a five-year enhancement pursuant to section 1385, subdivision (c). We conclude the evidence was sufficient to prove that defendant's prior battery conviction was a serious felony, and that defendant forfeited his claim under section 1385, subdivision (c) by failing to raise it below. We therefore affirm the judgment.

BACKGROUND

In December 2022, defendant attempted to break into a hotel room in Shasta County. When a hotel employee (the victim) confronted defendant and tried to get him to leave the property, defendant became aggressive. Defendant began shoving the victim toward the street. Defendant then advanced at the victim with a pocketknife while threatening to "book" him, i.e., stab him. Defendant also told the victim that it was his "last night working there," which the victim understood as a threat.

The victim defended himself against defendant's attack. At one point, the victim fell to the pavement and defendant attempted to push the pocketknife into the victim's chest. Eventually, with help from his girlfriend, the victim was able to take the pocketknife from defendant.

Defendant then withdrew a second, larger knife from his waistband, at which point the victim's girlfriend jumped on defendant and began clawing at his face. As she did so, the victim punched defendant in the face and snatched the second knife. The victim and his girlfriend then fled and called police. Redding police officers located defendant a short distance from the hotel and the victim identified him as the person who attacked him.

In January 2023, an information was filed charging defendant with assault with a deadly weapon, namely, a knife (§ 245, subd. (a)(1); count 1); and criminal threats (§ 422; count 2) with a deadly weapon use enhancement (§ 12022, subd. (b)(1)). The

[1] Undesignated section references are to the Penal Code.

2

information alleged as to both counts that defendant had a prior conviction in 2013 for battery with serious bodily injury (§ 243, subd. (d)) that qualified as a strike prior under the Three Strikes law (§ 667, subds. (b)-(i), 1170.12) and a prior serious felony enhancement under section 667, subdivision (a)(1).

After a jury trial, the jury found defendant guilty of both counts and found true the deadly weapon allegation. Defendant waived his right to a jury trial on the prior conviction allegations and, in a bifurcated proceeding, the trial court found those allegations true.

The trial court sentenced defendant to an aggregate term of 11 years, consisting of: (1) a term of six years on count 1 (the middle term of three years, doubled because of the prior strike), (2) a concurrent term of five years on count 2 (the middle term of two years, doubled because of the prior strike, plus one year for the deadly weapon enhancement), plus (3) a consecutive five-year term for the prior serious felony enhancement. Defendant timely filed a notice of appeal.

## DISCUSSION

### I

### *Sufficiency of the Evidence*

Defendant contends the evidence was insufficient to prove that he was convicted of a prior "strike" for purposes of the Three Strikes law. We disagree.

A.   *Legal Background*

The Three Strikes law is an alternative sentencing scheme that provides increased punishment for recidivist felony offenders who have qualifying prior convictions known as "strikes." (§ 667, subd. (b); *People v. Strong* (2001) 87 Cal.App.4th 328, 344; *People v. Burke* (2023) 89 Cal.App.5th 237, 243.) To qualify as a strike, a prior conviction must

3

be for an offense designated as a serious felony under the Three Strikes law.**2** (§§ 667, subd. (d), 1170.12, subd. (b).)

Section 667, subdivision (a)(1), similarly provides for the imposition of a five-year sentence enhancement for a defendant who, having been convicted of a prior serious felony, suffers another such conviction. (§ 667, subd. (a)(1); *People v. Arnett* (2006) 139 Cal.App.4th 1609, 1613.)

Both the Three Strikes law and the five-year enhancement statute (§ 667, subd. (a)(1)) incorporate the definition of "serious felony" set forth in section 1192.7, subdivision (c). (§§ 667, subds. (a)(4), (d), 1170.12, subd. (b); *People v. Henderson* (2022) 14 Cal.5th 34, 42, fn. 2.) Under that subdivision, certain crimes are identified as serious felonies as a matter of law, such as murder, rape, and kidnapping. (§ 1192.7, subds. (c)(1), (3) & (20); *People v. Kelii* (1999) 21 Cal.4th 452, 456.) Other crimes are treated as serious felonies only if certain additional conduct relating to the offense is proven. (*People v. Myers* (1993) 5 Cal.4th 1193, 1201; *People v. Taylor* (2004) 118 Cal.App.4th 11, 23.) For example, section 1192.7, subdivision (c)(8) defines a "serious felony" to include "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ." (§ 1192.7, subd. (c)(8).)

Another statute, section 969f, was enacted "as a measure to aid the prosecution in not having to go through the time and expense to prove that a prior conviction [qualifies as] a serious felony." (*People v. Leslie* (1996) 47 Cal.App.4th 198, 205 (*Leslie*).) It aids the prosecution by allowing " 'the fact that a crime is a serious felony to be proven at the time the . . . crime is tried so that it may become a matter of record' " in the event of a

---

**2** A prior offense also can qualify as a strike if it was a violent felony as defined in section 667.5, subdivision (c). (§ 667, subds. (d)(1), (h).) However, since it is undisputed defendant's prior conviction for battery with serious bodily injury (§ 243, subd. (d)) was not a "violent" felony, we limit our analysis to the question whether defendant's prior conviction qualifies as a serious felony.

future conviction of another serious felony.  (*Id*. at p. 204; *People v. Yarbrough* (1997) 57 Cal.App.4th 469, 477, fn. 2.)  As relevant here, section 969f, subdivision (a) provides: "Whenever a defendant has committed a serious felony as defined in subdivision (c) of Section 1192.7, the facts that make the crime constitute a serious felony may be charged in the accusatory pleading. . . .  This charge, if made, shall be added to and be a part of the count or each of the counts of the accusatory pleading which charged the offense. . . . If the defendant pleads guilty of the offense charged, the question whether or not the defendant committed a serious felony as alleged shall be separately admitted or denied by the defendant."  (§ 969f, subd. (a).)

> B.  *Additional Factual Background*

To prove defendant suffered a prior conviction that qualified as a strike and prior serious felony, the prosecution introduced three exhibits:  Certified records of defendant's 2013 conviction, a California Law Enforcement Telecommunications System (CLETS) report showing defendant's criminal history, and Department of Motor Vehicles identifying information.  The certified court records included copies of the accusatory pleading (information), a preliminary hearing waiver form, a change of plea form, and the judgment from Shasta County Superior Court case No. 13F02664.

The information charged defendant, in count 1, with a violation of section 243, subdivision (d), for "willfully and unlawfully us[ing] force and violence upon [the victim] . . . resulting in the infliction of serious bodily injury on such person."  That count further alleged "that the above offense is a serious felony as described in [s]ection 1192.7[, subd.] (c)(8)."  Count 2 of the information charged defendant with aggravated assault (§ 245, subd. (a)(4)) and included a great bodily injury enhancement (§ 12022.7).

The preliminary hearing waiver shows that defendant waived his right to a preliminary hearing conditioned upon the district attorney's (then-pending) offer remaining open for three weeks.  The offer was described as "Ct. I–[Penal Code section] 243 [, subdivision] (d) as serious felony strike for 3 years [state prison] at 50%."

The change of plea form indicates that defendant agreed to plead "no contest" to count 1 in exchange for a stipulated sentence of two years in prison. (Boldface & capitalization omitted.) Defendant initialed sections of the plea form stating that his plea includes a " 'serious felony' " and a " 'strike' " offense that may be used to increase punishment in the event of a future criminal offense. Defendant also signed the plea form, indicating that he read and understood its contents. The trial court accepted the plea, expressly finding that there was a factual basis for finding defendant guilty of the charges to which he pleaded.

The judgment entered in the trial court provides that defendant is guilty of a violation of section 243, subdivision (d), "as charged in COUNT 1 of the Information." As for the penalty, the judgment provides that defendant "is sentenced to STATE PRISON for the mitigated term of TWO (2) years."

The defense presented no evidence at the bifurcated hearing, but defense counsel argued that the prosecution's evidence was insufficient to prove the prior conviction was a "serious" felony within the meaning of the Three Strikes law and section 667, subdivision (a)(1).

After hearing argument and receiving supplemental briefing, the trial court found true the allegations that defendant had suffered a prior strike and prior serious felony conviction.

C.    *Standard of Review*

We review the record in the light most favorable to the judgment to determine whether it is supported by substantial evidence. We determine whether "a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt. [Citation.]" (*People v. Miles* (2008) 43 Cal.4th 1074, 1083.)

D.    *Analysis*

The question before us is whether defendant's prior conviction qualifies as a serious felony as defined in section 1192.7, subdivision (c). The People concede that battery with serious bodily injury (§ 243, subd. (d)) is not one of the crimes specifically listed as a serious felony in the statute. (*People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508 (*Bueno*).) The People argue, however, that defendant's conviction qualifies as a serious felony under section 1192.7, subdivision (c)(8), which defines a serious felony to include "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ." (§ 1192.7, subd. (c)(8).) Although defendant did not expressly admit that he personally inflicted great bodily injury on a non-accomplice, the People contend that a rational trier of fact could infer that he engaged in such conduct because he admitted, as part of his plea, that his offense constituted a serious felony and a strike.

Defendant responds that the evidence only establishes that he was *advised* his conviction was a serious felony, not that he admitted any conduct. Citing *Leslie*, *supra*, 47 Cal.App.4th at page 204, defendant contends that because there is no "clear section 969f admission," the prior serious felony allegation must be deemed to have been dismissed. Thus, he contends, there was insufficient evidence to prove his prior battery conviction was a serious felony.

As we explain, the People have the better argument. The evidence shows that the accusatory pleading charged defendant with a violation of section 243, subdivision (d), and specifically alleged that the offense was a serious felony within the meaning of section 1192.7, subdivision (c)(8). Defendant subsequently pleaded no contest to that offense "as charged" in the accusatory pleading. While defendant's no contest plea, by itself, might not be sufficient to establish that the offense was a serious felony (see *Bueno, supra*, 143 Cal.App.4th at pp. 1508-1510), it is a factor that may be considered along with the other evidence. In this case, the other evidence includes the change of

7

plea form, by which defendant explicitly acknowledged the offense was a serious felony and a strike. He did this by affixing his initials to sections 18 and 19 of the plea form, which provided:

"My plea includes a 'serious felony' as defined in [Penal Code] § 1192.7 [, subdivision] (c); if I am charged with a serious felony in the future this conviction may be used to increase that future state prison sentence by an additional five (5) years pursuant to [Penal Code] § 667[, subdivision] (a).

"My plea includes a 'strike' pursuant to the provisions of [Penal Code] §§ 667[, subdivisions] (e)-(i) and 1170.12[, subdivisions] (a)-(d) ['3-Strikes Law']; if I am charged with any felony in the future, this 'strike' conviction may be used to increase my future prison sentence as provided in the '3-Strikes Law.' " (Boldface & italics omitted.)

Defendant argues that this evidence was insufficient to meet the requirements of section 969f because sections 18 and 19 of the plea form were intended only to signify potential consequences of the plea, not to serve as admissions. We are unpersuaded. Unlike the advisement in the current plea form (see Judicial Council Form CR-101, Section 3.f.(1)), the one signed by defendant expressly provides that "[his] plea includes" a serious felony and a strike. (See *In re Nelson* (2020) 56 Cal.App.5th 114, 119, 125-126 [sentencing court properly may rely on admissions in plea form]; accord, *People v. Strike* (2020) 45 Cal.App.5th 143, 152.) Thus, by initialing sections 18 and 19 of the plea form, defendant admitted that his plea included a serious felony and strike within the meaning of section 969f, subdivision (a).

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could infer from the plea form, in conjunction with the other evidence, that defendant admitted to engaging in conduct making his offense a serious felony within the meaning of section 1192.7, subdivision (c)(8). Accordingly, we conclude there is

8

substantial evidence to support the trial court's findings that defendant suffered a prior strike.

## II

### *Section 1385, Subdivision (c)*

Defendant next argues that the trial court erred by failing to strike or dismiss his five-year enhancement under section 1385, subdivision (c). We conclude that defendant forfeited this issue by failing to raise it below.

A.      *Legal Background*

Under section 1385, subdivision (a), the trial court "may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." (§ 1385, subd. (a).) This authority includes the power to strike or dismiss a sentence enhancement or a prior strike conviction under the Three Strikes law. (*People v. Fuentes* (2016) 1 Cal.5th 218, 225; *People v. Dain* (2024) 99 Cal.App.5th 399, 409 (*Dain*).)

Historically, section 1385 provided little direction to courts as to how they should exercise their discretion to strike or dismiss sentencing enhancements. (*Dain, supra*, 99 Cal.App.5th at p. 409.) However, effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill No. 81) amended section 1385 to provide guidance. (*People v. Anderson* (2023) 88 Cal.App.5th 233, 238 (*Anderson*), review granted, Apr. 19, 2023, S278786, briefing deferred; Stats. 2021, ch. 721, § 1.)

Senate Bill No. 81 amended section 1385 to add a new subdivision (c), which provides, in relevant part: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove [one of nine specified] mitigating circumstances. . . are present. Proof of the presence of one or more of these [mitigating] circumstances weighs

greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(1) & (2).)

Three such mitigating circumstances are present here. They apply when multiple enhancements are alleged in a single case (§ 1385, subd. (c)(2)(B)); when the current offense is not a violent felony (*Id*., subd. (c)(2)(F)); and when the enhancement is based on a prior conviction that is over five years old (*Id*., subd. (c)(2)(H)).

B.      *Additional Factual Background*

Before sentencing, the defense filed a motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, inviting the trial court to dismiss defendant's strike prior on the ground that defendant falls outside the spirit of the Three Strikes law. The People filed a written opposition to the motion.

Although neither party argued that section 1385, subdivision (c), should apply to the *Romero* motion, the trial court nevertheless considered that subdivision as part of its analysis.[3] Applying section 1385, subdivision (c)(2), the court identified the following two mitigating factors as relevant: Multiple enhancements were alleged in the case (§ 1385, subd. (c)(2)(B)) and the "enhancement" was based on a prior conviction that is over five years old (§ 1385, subd. (c)(2)(H)). The court noted that the existence of these mitigating circumstances "weighs greatly" in favor of dismissing the enhancement *unless* the court finds dismissal of the enhancement would endanger public safety. Based on defendant's criminal history, and the violent nature of the current offense, the court found that dismissal of the prior conviction would pose a danger to public safety. For this

---

[3]      As we held in *People v. Burke, supra*, 89 Cal.App.5th 237—decided months before defendant filed his *Romero* motion—the provisions of section 1385, subdivision (c), do not apply to the decision whether to dismiss a prior strike conviction under the Three Strikes law. (*Burke, supra*, at pp. 242-244; accord, *Dain, supra*, 99 Cal.App.5th at pp. 410-411; *People v. Olay* (2023) 98 Cal.App.5th 60, 67.)

reason, among others, the court denied the *Romero* motion. Defendant did not object to the court's ruling.

C. *Standard of Review*

A trial court's decision on whether to dismiss an enhancement under section 1385 is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) In reviewing for abuse of discretion, we are guided by two fundamental principles. (*Id*. at p. 376.) First, the burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. (*Ibid*.) Absent such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives. (*Id*. at pp. 376-377.) Second, a decision will not be reversed " ' "merely because reasonable people might disagree." ' " (*Id*. at p. 377.) The trial court has broad discretion in making sentencing choices and its decisions will not be disturbed on appeal absent a clear showing of abuse. (*Id*. at pp. 376-377.)

D. *Analysis*

Defendant contends that the trial court abused its discretion by failing to dismiss the five-year enhancement because the court: (1) failed to consider as a mitigating factor that his current offense is not a violent felony as defined in section 667.5, subdivision (c); (2) failed to give "great weight" to the mitigating factors it considered; and (3) erroneously concluded that dismissal would endanger public safety, "despite clear evidence to the contrary."

The People argue defendant forfeited these contentions by failing to raise them and in any event, they lack merit because the trial court properly exercised its discretion in finding that dismissal would endanger public safety.

We agree with the People that defendant forfeited his contentions by failing to raise them. As our Supreme Court explained in *People v. Scott* (1994) 9 Cal.4th 331, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*Id*. at

11

p. 356.)  This rule applies not only to cases in which the trial court failed to give any reasons, but also those in which the court "misweighed the various factors, or cited insufficient, duplicative, or inapplicable reasons in support of its sentencing choices." (*Id.* at pp. 353-355 & fn. 16; accord, *People v. Scott* (2015) 61 Cal.4th 363, 406.)  "Strong policy reasons support this rule:  'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.  [Citations.]'  [Citation.]" (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)  "[A] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct.  [Citation]" (*People v. Fruits* (2016) 247 Cal.App.4th 188, 208, fn. omitted.)

Defendant was sentenced in May of 2023, more than one year after section 1385 was amended by Senate Bill No. 81, yet he never raised any claims or objections related to section 1385, subdivision (c).  Accordingly, we conclude that defendant forfeited the claims of error that he now seeks to advance on appeal.  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 723-724; *People v. Sperling* (2017) 12 Cal.App.5th 1094, 1100-1102.)

DISPOSITION

The judgment is affirmed.

\s\                    ,
Krause, J.

We concur:


\s\                ,
Renner, Acting P. J.


\s\                ,
Mesiwala, J.

12